**Talmadge DAWKINS and Versie Dawkins, Plaintiffs-Appellants,**

v.

**WHITE PRODUCTS CORPORATION OF MIDDLEVILLE, MICHIGAN, and Therm-O-Disc Incorporated, Defendants-Appellees.**

No. 31091.

United States Court of Appeals, Fifth Circuit.

May 20, 1971.

James W. Nobles, Jr., Jackson, Miss., Burris O. Smith, Louisville, Miss., Barnett, Montgomery, McClintock & Cunningham, Jackson, Miss., for plaintiffs-appellants.

William J. Gunn, Williams, Gunn, Eppes & Crenshaw, Meridian, Miss., for Therm-O-Disc, Inc.

David Williams, Maurice H. Hall, Jr., Wilbourn, Williams & Glover, Meridian, Miss., for White Products Corp.

Before JOHN R. BROWN, Chief Judge, TUTTLE and CLARK, Circuit Judges.

TUTTLE, Circuit Judge:

We have, once again, to determine just how long Mississippi's "long-arm statute" for service on non-residents is intended by the courts of Mississippi to reach. The Trial Court, 317 F.Supp. 53, determined that the statute had been construed by the state courts in a manner that would leave to Mississippi residents considerably less than the maximum reach permitted under the federal constitution. We conclude that the trial court misconceived the thrust of the decisions by the Supreme Court of Mississippi since the state legislature amended the statute in 1964 and reverse.

This was an action resulting from damage done to plaintiffs' building from the explosion of a heater that had been made by the two defendants (as to several parts) in foreign states and permitted by them to go into the stream of interstate commerce that finally delivered it to the plaintiffs without either of

them ever having "done business" in Mississippi.

The facts are not now in dispute, for the trial court dismissed the complaint for lack of legal service under the Mississippi "long-arm" statute. We take as true, for the purpose of this appeal, the allegations of the complaint. A brief statement suffices:

"This is a products liability case founded on the explosion of an electric hot water heater manufactured by the White Products Corporation of Middleville, Michigan, hereinafter referred to as 'White.' Attached to the water heater as an integral component was a thermostat manufactured by Therm-O-Disc, Inc., hereinafter referred to as Therm-O-Disc. The water heater was manufactured and assembled in Michigan, the thermostat in Ohio, and was placed in the stream of Interstate Commerce where it travelled until it reached a local hardware store in Louisville, Mississippi. The local hardware store sold it to the plaintiffs who had it installed in their cafe building at Louisville, Mississippi. Some fifteen (15) months after it was installed, the water heater exploded, totally demolishing Dawkins' building and its contents.

Dawkins brought suit in the Circuit Court of Winston County, Mississippi, alleging that White and Therm-O-Disc were doing business in the State of Mississippi and were both amenable to process and the jurisdiction of said Court under Section 1437 of the Mississippi Code of 1942, as amended. White and Therm-O-Disc removed the cause to the United States District Court for the Northern District of Mississippi based on Diversity of Citizenship. Both White and Therm-O-Disc appeared specially and filed Motions to dismiss attacking the territorial jurisdiction of a Mississippi Court over them on the grounds that neither corporation had any agent, place of business, contract or any other contact with the State of Mississip-

pi and that neither had committed a tort in whole or in part within the State of Mississippi. Affidavits in support of the motions were filed by both. Certificates of searches by the Secretary of State of the State of Mississippi indicate that neither of the corporations or their successors had ever qualified to do business in the State of Mississippi.

The Dawkins then filed a motion to amend their Declaration to include the allegation that both White and Therm-O-Disc *had committed a tort in whole or in part within the State of Mississippi.* The District Court entered an order allowing the amendment.

The District Court entered an order dismissing the suit because of lack of jurisdiction on September 8, 1970."

It is not difficult to understand why the trial court concluded that the statute authorizing service on the secretary of state was not broad enough in its scope to permit the service here to stand. This is so because no Mississippi case has been *decided* which would permit a contrary result. The statute with which we are concerned follows:

"Any nonresident person * * * *who shall make a contract with a resident of this State to be performed in whole or in part by any party in this State, or who shall commit a tort in whole or in part in this State against a resident of this State, or* who shall do any business or perform any character of work or service in this State, shall by such act or acts be deemed to be doing business in Mississippi. Such act or acts shall be deemed equivalent to the appointment by such nonresident of the Secretary of State of the State of Mississippi * * * to be the true and lawful attorney or agent of such nonresident upon whom all lawful process may be served in any actions or proceedings accrued or accruing from such act or acts, or arising from or growing out of such contract or tort, or as an incident thereto, by any such nonresident

\* \* \*." (Emphasis added.) Miss. Code Ann. Sec. 1437(a) (Supp.1968)

Prior to July 1, 1964 the statute in effect was identical with that quoted above except for the emphasized language. Prior to that date the statute authorized service on the secretary of state only in circumstances whereunder the non-resident "shall do any business or perform any character of work or service in this state." The amendment of 1964 added two categories of non-residents who might be served, in addition to those "doing business." These categories are (1) those "who shall make a contract with a resident of this State to be performed in whole or in part by any party in this state," and (2) *"who shall commit a tort in whole or in part in this state against a resident of this state."*

It is apparent that we are not here concerned with the non-resident who may make a contract, but it is equally plain that the complaint as amended clearly alleges that the defendants were persons "who [committed] a tort in whole or in part in this state against a resident of [Mississippi]."

We, of course, apply state law to this diversity case. [Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1933).] More expressly, we apply state law because the service on these defendants can be effected *only* by the terms *of this state law.* [Walker v. Savell and Associated Press (5 Cir., 1964), 335 F.2d 536.] It is, of course, much preferable for the federal court to apply state law as precisely articulated by a state court of highest jurisdiction. However, if no state court decision precisely in point is available to guide the federal court, we are compelled to decide to the best of our ability what the state court *would* hold if this case were *now* before it.

Unfortunately, we find no Mississippi case, decided after passage of the amendment that *discusses* the amendment relating to a local tort except Mladinich v. Kohn, 250 Miss. 138, 164 So.2d 785. Although decided *after* passage of the amendment that case was decided a few weeks *before* the effective date of the amendment, July 1, 1964. Of course, it dealt with attempted service on a non-resident *before the passage* of the amendments.

It is perfectly clear, as we have indicated in Walker v. Savell and the Associated Press, *supra,* that the Mississippi Supreme Court had construed the long-arm statute of that state much more narrowly than required by the federal constitution. In the Walker case we noted that the early cases decided by the Mississippi courts required more than minimal contacts with the state to subject a non-resident to local service of process. We then noted that after the United States Supreme Court had rendered the two landmark cases International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L. Ed. 95 and McGee v. International Life Insurance Company, 355 U.S. 220, 78 S. Ct. 199, 2 L.Ed.2d 223, "it is plain that the Supreme Court of Mississippi continued to apply its own concept of the Mississippi law." Then, adverting to a diversity case in which this court considered the question, we said: "\* \* \* there is no suggestion in this Court's decision in Mississippi Wood Preserving [Co. v. Rothschild, 5 Cir., 201 F.2d 233] that the broadened scope of International Shoe had been adopted by the State court as the Mississippi standard." (335 F.2d 536 at 543)

The Walker case was decided by this court in 1964, but, of course, service had been made in the state court before removal to the federal court and before *the effective date of the Act.*

The *Mladinich* case was decided by the State Supreme Court as we have said, a few weeks before the effective date of the new amendments, which added two new categories of non-residents who would thereafter be subject to the terms of the long-arm statute. The court there sustained a dismissal by the state trial court of an action in slander brought by a resident of Mississippi against one, Kohn, a resident of Loui-

siana for a speech made by Kohn in Mississippi. Service was had on the secretary of state under the long-arm statute. In view of the importance attributed by the appellee to the court's opinion *Mladinich* we quote rather fully from the carefully written opinion by Justice Etheridge:

■ Kohn was not amenable to the process and jurisdiction of the Mississippi court. He was not doing business nor did he perform any character of work or service in this state, under Code section 1437, which would suffice for that purpose.

In Davis-Wood Lumber Co., Inc. v. Ladner, 210 Miss. 863, 50 So.2d 615 (1951), we recognized that International Shoe in effect had discarded the fictions of presence within the state and consent to process. International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). It expanded a state's jurisdictional potential. Section 1437 is a rather typical "long arm" jurisdictional statute, similar to those passed by many other states. *House Bill No. 128, enacted at the present Mississippi legislative session, amends section 1437, but is not involved here, since it becomes effective July 1, 1964.* Cf. Miss. Laws 1962, ch. 235, §§ 106, 151 (defining certain corporate acts not constituting the doing of business); see Anno., State's Power to Subject Nonresident Individual Other Than a Motorist to Jurisdiction of Its Courts in Action for Tort Committed Within State, 78 A.L.R.2d 397 (1961). Davis-Wood adopted the minimum contacts-fairness test as the "outer bounds" of state power under section 1437. However, its maximum reach was not involved in that case. 210 Miss. at 880, 50 So.2d at 622. The statute applies to both contract and tort actions.

■ Tyee Construction Company v. Dulien Steel Products Inc. of Washington, 62 Wash.2d 106, 381 P.2d 245, 251 (1963), summarized with clarity the three basic factors which must coincide if jurisdiction is to be entertained. They are in accord with the constitutional limitations on state power under International Shoe and subsequent decisions, and, we think, in accord with the decisions of this Court. Those three factors are:

'(1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation.'

In the instant case, Kohn, a resident citizen of Louisiana, was invited to make a speech to a religious association in this state. His employment was confined to problems of law enforcement in three Louisiana parishes in the New Orleans metropolitan area. Prior to the Mississippi speech in question, Kohn had made only one other address in recent years in this state. It was also to a religious group. For the speech in question, he received no remuneration and no expenses. He made the speech for what he considered a civic duty and courtesy in response to the invitation. His Louisiana employer, the Crime Commission, did not know he was making it, had nothing to do with it, and it was not within the scope of his employment. In this address Kohn allegedly slandered three citizens of this state.

Evaluating these factors, Kohn purposefully did an act in this state, and the cause of action arose from that act. However, his speech was an isolated, single act, done with no financial gain in view, and did not constitute the 'minimal contacts' sufficient to give this state jurisdiction. It was an isolated excursion here for an uncompensated speech, solicited by Mississippi residents,

and it involved no systematic or continuing action by Kohn. The quality and nature of his activities were inconsequential. It would be unreasonable under these standards to assume jurisdiction. For all of these reasons, the assumption of in personam jurisdiction over him in this action would offend 'traditional notions of fair play and substantial justice.' Those 'minimal contacts' which are prerequisite to the personal jurisdiction of the courts of Mississippi over a nonresident defendant are totally lacking as to Kohn. Kaye-Martin v. Brooks, 267 F.2d 394 (C.A. 7th, 1959), cert. den., 361 U.S. 832, 80 S.Ct. 84, 4 L.Ed.2d 75 (1959); see Thode, In Personam Jurisdiction, 42 Tex.L.Rev. 279, 297–310 (1964); Comment, In Personam Jurisdiction Over Nonresidents, 29 Miss.L.J. 91 (1957). Hanson v. Denckla [357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 128] demonstrates that any contact with the state of the forum is not sufficient to support jurisdiction over a nonresident. *We do not attempt to define a rule pertaining to state jurisdiction over a single, isolated tort committed in this state, but hold there is none here.*" (Emphasis added)

The appellees here contend that, in commenting on the passage of House Bill No. 128, as emphasized above, the "decision was obviously chosen [by the Mississippi Supreme Court] as a vehicle to lay down the ground rules for the application of the amendment and broadened statute."

We find nothing in the *Mladinich* opinion to warrant such a contention. We view the language, rather, as a cautionary note that *additional basis* for application of the Section had been added, but the court would not deal with them because they had not yet become the law.

It is true that the Mississippi Supreme Court has decided several cases under the amended statute in which the court has continued to treat of the "doing business" basis for service by repeating the same formulation of requirements outlined in *Mladinich* and earlier cases. That formulation is the "three factor" requirement enumerated above:

(1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation.

However, careful analysis of each of these cases relied upon by appellee—Breckenridge v. Time, Inc., 253 Miss. 835, 179 So.2d 781; Republic-Transcon Industries, Inc. v. Templeton, 253 Miss. 132, 175 So.2d 185; Hilbun v. California Western States Life Ins. Co., 210 So.2d 307, and Collins v. Truck Equipment Sales, Inc., 231 So.2d 187, makes plain the fact that in *none* of these cases was the amendment dealing with a nonresident who committed a tort in whole or in part within the state in issue.

In *Breckenridge* the tort of defamation alleged against Time, Inc. would, under the Mississippi decision of Forman v. Mississippi Publishers Corporation, 195 Miss. 90, 14 So.2d 344, have occurred where Life Magazine was published. The court then dealt only with the "doing business" provisions of § 1437(a). It then applied the "three factor" test.

Hilbun v. California Western States Life Insurance Company dealt with service of process against a nonresident insurance company under a section of Mississippi's insurance law, Miss.Code Ann., Sec. 5705–12 (Supp.1968). The court equated the application section of the insurance law with § 1437(a). No tort was alleged to have been committed ei-

ther in whole or in part in the state. The cause of action did not arise out of any contract of insurance "issued or delivered" in Mississippi within the meaning of Sec. 5705–12. Once more the Mississippi court followed the doing business test formulation laid down in *Mladinich,* and held the contacts were not sufficient to meet the test.

Finally, though the Collins case involved an injury to property in Mississippi, the parties and the court all dealt with the case, so far as appears from the reported opinion, as a "doing business" basis for recovery. The language of the amendment which the *Mladinich* court called attention to was not discussed. The court merely repeated that "this court in [the cases we have already commented on] set forth the requirements, which constitute the 'doing of business' by a foreign corporation."

In view of the fact that this latest case makes clear that all of the earlier cases, as well as the one before it, treated only of the "doing business" basis for long-arm service, and in view of the very apparent intent of the legislature to *add* the contract basis and the local tort basis to the already existing basis of doing business within the state, we are inclined to follow the clear language of the statute in the absence of any Mississippi decision that states that these additional bases added nothing to the statute. There is no such decision. We are convinced, Erie-bound as we are, to conclude that the Mississippi Supreme Court, given the facts and presented with the issue, would hold that the complaint as here amended alleged facts which, in spite of the affidavits of non-presence in the state, would permit service on the non-residents under the amended long-arm statute. For somewhat similar cases in other states see Eyerly Aircraft Co. v. Killian, 5 Cir. 414 F.2d 591, and Coulter v. Sears Roebuck and Co., 5 Cir. 426 F.2d 1315, and see Note Vol. XXXVIII Mississippi Law Journal p. 177.

The judgment of dismissal is reversed and the case is remanded for further proceedings not inconsistent with this opinion.