**M. C. EDWARDS, Plaintiff,**

v.

**The ASSOCIATED PRESS, Defendant.**

**No. EC 73–70–S.**

United States District Court,
N. D. Mississippi, E. D.

Feb. 19, 1974.

Stephen C. Edds, of Burgin, Gholson, Hicks & Nichols, Columbus, Miss., for plaintiff.

William J. Threadgill, of Threadgill & Smith, Columbus, Miss., Rogers & Wells, New York City, for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

Plaintiff, M. C. Edwards (Edwards), an adult resident citizen of Lowndes County, Mississippi, filed the complaint in the action sub judice on August 10, 1973, naming The Associated Press, a corporate citizen of the State of New York, the party defendant. Edwards' cause of action, as stated in the complaint, is based upon an alleged libelous statement said to have been published by defendant on its news service in Lowndes County, Mississippi on or about February 8, 1973. Edwards seeks damages aggregating the sum of One Million, One Hundred Twenty Five Thousand Dollars ($1,125,000.00). The damages are itemized in the complaint as follows:

| | |
|---|---|
| (1) Damage arising from the suffering and anxiety sustained by the Complainant | $ 25,000.00 |
| (2) Damages for injury to the good name and reputation of the Complainant | 100,000.00 |
| (3) Exemplary damages against said Defendant | 1,000,000.00 |

Defendant has not qualified to do business in Mississippi and does not have a process agent situated within the state. Edwards seeks to secure in personam jurisdiction over defendant in this court through Mississippi's long-arm statute, Miss.Code Ann. § 13–3–57 (1972), [Miss.Code Ann. § 1437 (1972 Cum.Supp.)]. This section of the Mississippi Code was amended in 1964[1] so as to extend its reach to "any foreign or other corporation not qualified under the constitution and laws of [Mississippi], as to doing business herein, . . . who shall commit a tort in whole or in part in this state against a resident of this state".

Edwards charges that on or about February 8, 1973, at approximately 6:00 p. m. Central Standard Time, defendant

1. Chapter 320, Laws 1964, § 1. The pertinent part of said section, which appears as Section 13–3–57 in the 1972 Code is:

Any nonresident person, . . . or any foreign or other corporation not qualified under the constitution and laws of this state as to doing business herein, . . . who shall commit a tort in whole or in part in this state against a resident of this state, . . . shall by such act or acts be deemed to be doing business in Mississippi. Such act or acts shall be deemed equivalent to the appointment by such nonresident of the secretary of state of the State of Mississippi, or his successor or successors in office, to be the true and lawful attorney or agent of such nonresident upon whom all lawful process may be served in any actions or proceedings accrued or accruing from such act or acts, or arising from or growing out of such . . . tort, or as an incident thereto, by any such nonresident . . . or its agent, servant or employee. . . .

. . . [T]he committing of such tort in this state, shall be deemed to be a signification of such nonresident's agreement that any process against it or its representative which is so served upon the secretary of state shall be of the same legal force and effect as if served on the nonresident at its principal place of business in the state or country where it is incorporated and according to the law of that state or country. . . .

acting through its agents, servants and employees, willfully and intentionally committed a tort in Lowndes County, Mississippi against Edwards by having published on its wire service on that occasion a libelous statement that Edwards' request for a rehearing in a Lowndes County marijuana case had been denied by the United States Court of Appeals for the Fifth Circuit, when in fact Edwards had not requested such a rehearing and had never been a defendant in a marijuana possession prosecution, nor had he at any time been found in possession of marijuana by Lowndes County or any other law enforcement officers. Edwards contends that by the publication of the statement above mentioned in Lowndes County, Mississippi, defendant committed a tort in whole or in part within said county, for which reason it is subject to the in personam jurisdiction of this court. Process was issued and duly served on the Secretary of State of the State of Mississippi as defendant's process agent within the state pursuant to the provisions of the statute.

Defendant has appeared in the action and has filed a motion to dismiss because of the lack of jurisdiction over its person, pursuant to Rule 12(b)(2) F.R. Civ.P. The action has been submitted to the court for decision on affidavits, the record herein, and memoranda of the parties.

In reaching a decision in the matter the court need not concern itself with the facts reflected by the affidavits submitted in connection with the motion, except insofar as they may be pertinent to the publication of the statement of which complaint is made. Plaintiff's sole ground for the application of the long-arm statute is that defendant committed a tort, in part, in Mississippi against Edwards, a citizen of that state, by the publication of the statement in Lowndes County, Mississippi.

Plaintiff places no reliance upon the other activities of defendant within the state to bring defendant within the reach of the process issued pursuant to the authority of the long-arm statute. Defendant's other activities within the state have not changed, in any material respect, since the decision of the United States Court of Appeals for the Fifth Circuit in Walker v. Savell, 335 F.2d 536 (1964). In *Walker* the court affirmed this court's action in quashing the process and dismissing the suit. There, as here, process was obtained on The Associated Press pursuant to the authority of the long-arm statute. The late Claude F. Clayton, sitting as district judge, held that the activities of The Associated Press within the state did not constitute "doing business" in the state, so as to subject The Associated Press to service of process under the statute. Walker v. Savell, 218 F.Supp. 348 (N.D. Miss.1963). See also, Lee v. Memphis Publishing Co., 195 Miss. 264, 14 So.2d 351 (1943).

Dawkins v. White Products Corp. of Middleville, Michigan, 443 F.2d 589 (5th Cir. 1971) and Smith v. Temco, Inc., 252 So.2d 212 (Miss.1971), giving effect to the 1964 amendment, have extended the reach of the long-arm statute as it existed prior to the amendment and as was construed in *Walker* and *Memphis Publishing Co.*, so as to bring within its scope nonresidents who may commit a tort, in whole or in part, within the state. · Subsequent cases adopting the broader view have been cases either in tort or in contract, that is to say, commerce or business transactions.[2]

In Forman v. Mississippi Publishers Corporation, 195 Miss. 90, 14 So.2d 344 (1943) the court held that the gravamen of an action for libel is the degrading of

---

**2.** Since Dawkins and Smith, the courts generally follow the view that the 1964 amendment broadened the reach of the statute. See, Breedlove v. Beech Aircraft Corporation, 334 F.Supp. 1361 (N.D.Miss.1971); Alford v. Whitsel, 322 F.Supp. 358 (N.D.Miss. 1971); McKnight v. Dyer, 331 F.Supp. 343 (N.D.Miss.1971); Bush v. Carpenter Bros., Inc., 447 F.2d 707 (5th Cir. 1971).

the reputation of the victim and accrues as soon as the newspaper containing the article is exhibited to a third person.

The court held in Smith v. Temco, Inc., *supra:*

> In our view, one of the fundamental objects of the Legislature in adopting the 1964 amendment was to extend the personam jurisdiction of the courts of this State to the nonresident who may commit a tort in this State, either in whole or in part, to the injury of a resident of the State so as to provide a practical means for the enforcement of rights accruing under the products liability doctrine.

> Under the amended statute, a non-resident manufacturer of a dangerously defective or unsafe product who places it in interstate commerce for the purpose of distribution and ultimate sale to consumers in other States, whether with a specific intent that it be distributed, sold and used in this State or not, may be subjected to a personam action for damages in the courts of this State by such consumer who may be injured in this State as a result of its defective or unsafe condition. 252 So.2d at 216.

Plaintiff argues that since he sustained an injury to his reputation in Lowndes County, Mississippi, as the proximate result of defendant's tortious release of the "libelous statement" to its subscribers, defendant committed a tort, at least in part, in Lowndes County. Thus, under *Dawkins* and *Smith*, plaintiff argues that defendant is amenable to suit in this court pursuant to the amended statute.

There is one fact which distinguishes the action sub judice from *Dawkins* and *Smith*. The action sub judice involves a non-profit news collecting and distribution service, rendered in behalf of subscribers to its service situated in all parts of the world. The court must, therefore, take into consideration the freedoms to which defendant is entitled under the First Amendment.

The court's research has revealed only one case involving such freedoms which has been considered by the Mississippi Supreme Court since the effective date of the amendment.

The case of Breckenridge v. Time, Inc., 253 Miss. 835, 179 So.2d 781 (1965), involved an action which was tried in the lower court before the effective date of the amendment, but was considered on appeal after such date.

The Supreme Court, for the purpose of the appeal, assumed but did not decide that the amendment applied retroactively.[3]

*Time* involved an alleged libelous publication of an article pertaining to the then mysterious disappearance of three civil rights workers in Neshoba County, Mississippi. Breckenridge, a resident of Neshoba County, brought suit in the Circuit Court of that county against Time, contending that the article injured his good name and reputation, brought him into public disgrace and scandle, and embarrassed and humiliated him, causing damages. It is inherent in this case that the injuries or damages, if any, were suffered by Breckenridge in Neshoba County, Mississippi, where he lived and was known to the members of the public.

Process was served on Time pursuant to the long-arm statute. The trial court dismissed the suit for want of in personam jurisdiction over Time. The action was affirmed by the Supreme Court. The court held that the statute did not authorize the service of process on Time, so as to enable the trial court to obtain in personam jurisdiction over Time. In doing so, the court said:

> In the instant case Time, Inc., did not purposefully do any act or consummate any transaction in this state, so the cause of action did not arise from any act or transaction in this

---

3. The court later decided that the amendment did not apply retroactively. Mladinich v. Kohn, 186 So.2d 481 (Miss.1964).

state. The quality, nature, and extent of the activity of appellee in the forum state were at the most inconsequential. The photographs were taken by an independent photographer in this state. The information was obtained from news services and "stringers" who were not employees of appellee. They sold the picture and information to Time, Inc., in New York.

It would be unreasonable under these facts to assume jurisdiction, and would offend traditional notions of fair play and substantial justice. Those minimal contacts which are prerequisite to personal jurisdiction of the courts of Mississippi over a nonresident defendant are totally lacking as to appellee. Nor did this action arise out of any commercial or business transaction taking place in this state. Certainly just any inconsequential contact with the state of the forum is not sufficient to support jurisdiction over a nonresident under the due process clause. 179 So.2d at 784.

In a very recent case, E. B. Kaiser Company v. Ludlow, 243 So.2d 62 (Miss.1971), the Mississippi Supreme Court, in discussing the application of the long-arm statute, remarked:

> In applying the so-called long-arm statute the courts should be sensitive to any conflict between letter of the law and traditional notions of fair play and substantial justice, and if the latter is offended, the former may have to yield. 243 So.2d 67 (Miss.)

The Mississippi Supreme Court recognizes the validity of the rule enunciated by the Supreme Court in International Shoe Co. v. Washington, (1945) 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, that the due process clause of the Fourteenth Amendment requires that in order to acquire in personam jurisdiction over a person who is not present within the territory of the forum via the traditional long-arm statute, it must be shown that such person has certain "minimum contacts" with the forum and that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." Mladinich v. Kohn, 250 Miss. 138, 164 So.2d 785 (1964).

In making a determination of the amenability of defendant to the process in the action sub judice, the court notes that the Mississippi Supreme Court recognizes that an action such as the one sub judice is to be determined on a much stricter basis than one involving a commercial or business transaction. As is shown in the above quotation from the opinion in *Time,* the court, recognizing that the suit arose in the context of a claim for damages arising out of the publication by a magazine publisher of a news article, said, "[N]or did this action arise out of any commercial or business transaction taking place in this state", 179 So.2d at 784, and, in Walker v. Savell, *supra,* the Fifth Circuit, speaking through Judge Tuttle, said:

> It may well be the policy of the state of Mississippi to require a much stricter showing of the doing of business within that state by a foreign newspaper like the Memphis Commercial Appeal, or a foreign news service like the Associated Press, before it is to be held amenable to local service in a libel suit than would be the case in a suit against an ordinary commercial corporation. We think there is reason for such a distinction because of the inherent danger or threat to the free exercise of the right of freedom of the press if jurisdiction in every state can be inferred from minimal contacts. Cf. New York Times v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686. In deciding the Memphis Publishing Company case the Mississippi court relied heavily on newspaper and similar precedents. Although not articulated in the opinion, it may well be that the court was reluctant to find that the Memphis Publishing Company was doing business in the state of Mississippi because of the court's recognition of the threat such a ruling

would pose to freedom of the press. 335 F.2d at 544.

The affidavits submitted in connection with the motion to dismiss reflect the facts which follow. On February 6, 1973, the United States Court of Appeals for the Fifth Circuit issued its opinion in 472 F.2d 1405, Earlie Wright, Jr., Petitioner-Appellant versus M. C. Edwards, in His Capacity as Sheriff of Lowndes County, Mississippi, Respondent-Appellee. The opinion recited simply that the Petition for Rehearing was denied, and, no member of the panel nor Judge in regular active service in the Court having requested the Court be polled to hearing en banc, the Petition for Rehearing En Banc was also denied. The opinion was delivered at the Federal Courthouse in New Orleans, Louisiana, to an Associated Press reporter assigned to the New Orleans Associated Press Bureau. The news dispatch concerning the opinion was prepared solely by Associated Press news personnel in the New Orleans Bureau, written, edited and transmitted from New Orleans to Atlanta, Georgia. From Atlanta it was transmitted back to New Orleans and from there to Associated Press members within the State of Mississippi. The statement of which plaintiff complains was published in Lowndes County, Mississippi by an Associated Press member. The decision to publish the statement was solely that of the Mississippi Associated Press member, and no Associated Press agent, servant or employee participated in that decision. There was not any Associated Press agent, servant or employee acting in Lowndes County, Mississippi at the time.

Assuming arguendo that Associated Press committed a tort in New Orleans, Louisiana by releasing the dispatch to its Mississippi members and that plaintiff was injured or damaged in Lowndes County, Mississippi, as a proximate result thereof, such facts and circumstances do not, in the opinion of the court, constitute the "minimum contacts" required by the due process clause of the Constitution. The court concludes that to permit the maintenance of this action against defendant would offend "traditional notions of fair play and substantial justice". This is especially true in light of the freedoms which are protected by the First Amendment.

An order will be entered sustaining the motion to dismiss for lack of jurisdiction over the person of defendant.