**Marie MIZE, Plaintiff,**

**v.**

**HARVEY SHAPIRO ENTERPRISES, INC., et al., Defendants.**

**Civ. A. No. WC 88–89–D–D.**

United States District Court, N.D. Mississippi, W.D.

May 17, 1989.

Omar D. Craig, Oxford, Miss., for plaintiff.

David L. Calder, Sumners, Hickman & Rayburn, Oxford, Miss., for defendants.

## MEMORANDUM OPINION

DAVIDSON, District Judge.

This cause is before the court on the defendants' motions to dismiss or, in the alternative, for summary judgment. The moving defendants argue that the plaintiff is unable to establish the elements of its claim and that the court cannot hear the claims because of a bar by the statute of limitations and the lack of *in personam* jurisdiction. After considering the motion, briefs, relevant authorities, and the record as a whole, the court is of the opinion that the defendants' motion is well taken.

### I.

#### Factual Background

Plaintiff Marie Mize ("Mize") brought this action on July 13, 1988 against certain magazine publishers claiming defamation and invasion of privacy. The complaint was amended on August 8, 1988 to add another defendant. Mize is a Mississippi resident and any injury which was suffered took place in Mississippi. The defendants are as follows: Harvey Shapiro Enterprises, Inc. ("Harvey"), Jerome Phillips, d/b/a Modern Publications ("Phillips"), S.S.M. Publications, Inc. ("S.S.M."), and Adam George, Inc. ("George"). Harvey is a non-resident corporation doing business in New York which publishes a magazine styled "Harvey for Loving People." George is a non-resident corporation doing business in New York which publishes a magazine styled "Hooker." Harvey Shapiro has stated in an affidavit that he is president of Adam George, Inc. Phillips is a non-resident who publishes a magazine styled "Southern Swing Fever" out of Florida. S.S.M. is a non-resident corporation doing business in Tennessee which publishes "Southern Swinger Magazine" and "Swinger's Express Magazine." These magazines apparently purport to be swinger meeting guides and contain personal advertisements and nude photos from readers.

The plaintiff alleges that the advertisement in George's Hooker magazine stated the following:

MISSISSIPPI + F–787,017–HMS JACKSON HOT BI FEMALE wants motel meetings with couples, single men, and Bi females. I love it all, Fr., Gr., toys, B & D, 69's and more. Will answer all. Hot color photos. SESE. Sexy phone calls. Hot correspondence.

Defendants provided the court with a photocopy of the advertisement and photo at

issue. The plaintiff did not have access to the advertisement in Harvey's magazine, but the defendant has stated by sworn affidavit that the magazine did not publish the "name, address, post office box number or telephone number of Marie Mize, a resident of Oxford, Lafayette County, Mississippi, whose post office address is Post Office Box 784, Oxford, Mississippi." Harvey has admitted that it published an advertisement in "Harvey for loving people" which was identical to the text and photograph in the "Hooker" advertisement published through George.

Plaintiff states that she never submitted this material to the magazines and never consented to the advertisements. The plaintiff has become aware of the advertisements through an investigation conducted after she began receiving mail relating to some of these advertisements. Plaintiff alleges that she has been inundated with letters and photographs and has received anonymous telephone calls because of these advertisements. The plaintiff alleges that she has received a letter from someone stating "I have seen your ad in Harvey's." Plaintiff further alleges that the code used in the advertisements identified her as the person in the advertisement through her post office box address.

Defendants Harvey and George have presented motions to dismiss and for summary judgment. Defendants Phillips and S.S.M. are not part of this motion. These two defendants published the same type advertisements, but their magazines went further and printed the plaintiff's complete address, including the Oxford post office box number. The information provided in these advertisements was sufficient to identify the plaintiff. However, Phillips and S.S.M. are not considered in this motion.

## II.

### Conclusions of Law

Plaintiff bases jurisdiction on diversity of citizenship. The law of the State of Mississippi governs this action. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Plaintiff's claims are separate and distinct against each defendant. Defendants Harvey and George have moved to dismiss this action or, in the alternative, for summary judgment on the ground that the advertisements were not directed toward the plaintiff and did not identify her in any way. The defendants also claim the statute of limitations bars this action and challenge the court's jurisdiction. The court will consider these issues in reverse order.

### A. Personal Jurisdiction

■ Jurisdiction is the threshold issue in federal court. When the court's *in personam* jurisdiction is challenged, the burden rests upon the party asserting jurisdiction to prove the facts necessary to establish jurisdiction over the non-resident defendants. *Caldwell v. Palmetto State Sav. Bank,* 811 F.2d 916, 917 (5th Cir.1987); *Cosper v. Allred,* 592 F.Supp. 376, 378 (N.D.Miss.1984). The issue turns on whether jurisdiction would have been present in an action before a Mississippi state court. *DeMelo v. Toche Marine, Inc.,* 711 F.2d 1260, 1264 (5th Cir.1983). "First, the law of the forum state must provide for the assertion of such jurisdiction; and second, the exercise of jurisdiction under state law must comport with the dictates of the Fourteenth Amendment due process clause." *Smith v. DeWalt Products Corp.,* 743 F.2d 277, 278 (5th Cir.1984).

■ The Mississippi long-arm statute establishes *in personam* jurisdiction where there is a contract, tort, or "doing business" in the state. Miss.Code.Ann. § 13–3–57. Section 13–3–57 provides in pertinent part that "any non-resident person ... who shall ... commit a tort in whole or in part in this state against a resident ... of this state ... shall by such act or acts be deemed to be doing business in Mississippi." The tort occurred where the injury took place. *Estate of Portnoy v. Cessna Aircraft Corp.,* 730 F.2d 286, 290 (5th Cir.1984). "The tort is not complete until injury occurs and if the injury occurs in the state, then, under the amended statute, the tort is committed, at least in part, in this state, and [in]personam jurisdiction

of the non-resident tort feasor is conferred upon the Mississippi Court." *Smith v. Temco, Inc.,* 252 So.2d 212, 216 (Miss.1971). The plaintiff alleges that the defendants committed the torts of defamation and invasion of privacy upon a Mississippi resident in the State of Mississippi. This is sufficient for purposes of *in personam* jurisdiction without establishing the elements of the torts alleged. The motion to dismiss for failure to state a claim will be considered separately.

The plaintiff has not established that Harvey and George satisfy the "doing business" test and has not asserted a contract between the parties. The defendants have not done any direct business with the plaintiff which satisfies the tripartite "doing business" test established in *Mladinich v. Kohn,* 250 Miss. 138, 164 So.2d 785, 790 (1964). This more restrictive "doing business" test does not apply to the tort category. *Thompson v. Chrysler Motors Corp.,* 755 F.2d 1162, 1167 (5th Cir.1985).

The court is of the opinion that the plaintiff has alleged facts which are sufficient to establish that a tort was committed in this state and that the defendants' actions satisfy Mississippi's long-arm statute.[1]

The exercise of jurisdiction over the defendants must meet the separate requirements of Mississippi's long-arm statute and the Constitution. The due process clause requires that: (1) the defendant must have purposefully established "minimum contacts" in the forum state; and (2) the assertion of jurisdiction must comport with the traditional notions of "fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528, 543 (1985).

Mississippi has a significant interest in redressing injuries that actually occur within the State. *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 776, 104 S.Ct. 1473, 1479, 79 L.Ed.2d 790, 798–99 (1984). The

dissemination of material into a state is sufficient to establish "minimum contacts" when this activity within the state allegedly injured the plaintiff. Libel occurs wherever the offending material is circulated. Defamatory statements harm both the subject of the falsehood and the reader of the falsehood. *Keeton,* 465 U.S. at 776–77, 104 S.Ct. at 1479, 79 L.Ed.2d at 799. The Supreme Court has found that a publisher can reasonably anticipate being haled into court to defend a libel action based on the contents of its magazine in a state where it has distributed magazines. *Keeton,* 465 U.S. at 781, 104 S.Ct. at 1481, 79 L.Ed.2d at 801. Although it is not necessary for the plaintiff to reside in Mississippi if the injury occurred in Mississippi, the plaintiff does reside in Mississippi and apparently asserts the infliction of an injury in her home state and nowhere else.

The court finds that it is fair and reasonable to require the publishers to defend this action in Mississippi. The plaintiff's interest in obtaining convenient and effective relief, the State's interest in adjudicating the dispute, and the interstate judicial system's interest in obtaining an efficient resolution of the controversy outweighs the inconvenience to the defendants. *See World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 292, 100 S.Ct. 559, 564, 62 L.Ed.2d 490, 498 (1980). In *Keeton,* the Supreme Court found no unfairness in calling a publisher to answer for the contents of its magazine wherever a substantial number of copies were regularly sold and distributed. *Keeton,* 465 U.S. at 781, 104 S.Ct. at 1481, 79 L.Ed.2d at 802.

The court is of the opinion that the exercise of jurisdiction over the defendants in this cause satisfies the tort category of Mississippi's long-arm statute and the "minimum contact" and "fairness" prongs of the due process clause.

**B. Statute of Limitations**

The defendants challenge the claims under the statute of limitations. Miss.Code

**1.** The court notes that older Mississippi cases have found a lack of jurisdiction over non-resident publications. *Breckenridge v. Time, Inc.,* 253 Miss. 835, 179 So.2d 781, 782 (1965); *Lee v. Memphis Publishing Co.,* 195 Miss. 264, 14 So.2d 351, 353–55 (1943); *see also Walker v. Savell,* 335 F.2d 536, 544 (5th Cir.1964). However, the court must rely on more recent and less restrictive pronouncements regarding the tort category of Mississippi's long-arm statute.

Ann. § 15-1-35 provides in pertinent part that "all actions for slanderous words concerning the person or title, and for libels, shall be commenced within one year next after the cause of such action accrued, and not after."

█ Mississippi's one year statute of limitation clearly governs a claim for defamation. *Wildmon v. Hustler Magazine, Inc.,* 508 F.Supp. 87, 88 (N.D.Miss.1980). Under the single publication rule, defamation arises as soon as the magazine is exhibited to third persons. A cause of action accrues for purposes of the statute of limitations on the date of the first publication of the allegedly defamatory material. *Wildmon,* 508 F.Supp. at 88-89. Plaintiff alleges in her complaint that the George advertisement was published in its March 1987 issue. Harvey states, and the plaintiff does not dispute, that Harvey published the advertisement in question in its February 1987 issue. The plaintiff filed this action on July 13, 1988, more than one year after the movant's magazines were distributed to the public. Based upon the record before the court, the court is of the opinion that the plaintiff's defamation claim is barred by the statute of limitations.

The tort of invasion of privacy is not expressly included in Section 15-1-35, but this tort may be included as a tort of a type enumerated in the statute. *Southern Land & Resources Co. v. Dobbs,* 467 So.2d 652, 654 (Miss.1985). The Fifth Circuit has held that a tort which is not expressly included in the statute but is of a similar type may be covered by the one year statute of limitation instead of the catch-all provision. *Guthrie v. J.C. Penney Co.,* 803 F.2d 202, 211 (5th Cir.1986); *see Childers v. Beaver Dam Plantation, Inc.,* 360 F.Supp. 331, 333 (N.D.Miss.1973). This court has previously held that the invasion of privacy would constitute an intentional tort subject to a one year statute of limitations. *Andrews v. GAB Business Services, Inc.,* 443 F.Supp. 510 (N.D.Miss.1977); *but see Blackwell v. Hustler Magazine, Inc.,* 633 F.Supp. 870 (S.D.Miss.1986). The court finds the invasion of privacy claim is defamatory in nature but does not rely solely on this ground in dismissing the invasion of privacy claim because of uncertainty regarding the application of Section 15-1-35.

## C. Advertisements Directed at the Plaintiff

The Mississippi Supreme Court has held that the words at issue must be clearly directed at the plaintiff in order to give rise to claims of defamation and invasion of privacy. *Fulton v. Mississippi Publishers Corp.,* 498 So.2d 1215, 1216 (Miss.1986); *Prescott v. Bay St. Louis Newspapers, Inc.,* 497 So.2d 77, 81 (Miss.1986). The court must determine whether the statements bear the meaning ascribed to it by the plaintiff and whether the words are sufficiently connected to the plaintiff. *Fulton,* 498 So.2d at 1216-17. The court must also determine whether the materials complained of portray this particular plaintiff in a false light or otherwise invade her privacy. *Faloona by Fredrickson v. Hustler Magazine, Inc.,* 799 F.2d 1000, 1006 (5th Cir.1986), *cert. denied,* 479 U.S. 1088, 107 S.Ct. 1295, 94 L.Ed.2d 151 (1987).

█ The Mississippi Supreme Court has recognized two restrictions upon defamation actions which must be strictly enforced. "First, the words employed must have clearly been directed toward the plaintiff. Beyond that, the defamation must be clear and unmistakable from the words themselves and not be the product of innuendo, speculation or conjecture." *Ferguson v. Watkins,* 448 So.2d 271, 275 (Miss. 1984). The Fifth Circuit has recognized that these requirements are stringently applied by Mississippi courts and indicated that it will do the same. The words and picture must "clearly and unmistakably" implicate the plaintiff. *Mitchell v. Random House, Inc.,* 865 F.2d 664, 670 (5th Cir.1989); *see also Riverhouse Publishing Co. v. Porter,* 287 F.Supp. 1, 4-5 (D.R.I. 1968). Defamation is a claim based on an injury to a person's reputation. The claim can only arise if the statements at issue identify or implicate the plaintiff and thereby impact her reputation.

■ Mississippi has recognized the existence of four distinct theories of invasion of privacy: (1) The intentional intrusion upon the solitude or seclusion of another; (2) the appropriation of another's identity for an unpermitted use; (3) the public disclosure of private facts; and (4) holding another to the public eye in a false light. *Candebat v. Flanagan,* 487 So.2d 207, 209 (Miss.1986); *Deaton v. Delta Democrat Publishing Co.,* 326 So.2d 471, 473 (Miss.1976). The Fifth Circuit has questioned whether Mississippi has adopted the false light invasion of privacy theory of recovery. *Mitchell,* 865 F.2d at 671–72. The Mississippi Supreme Court would certainly hold that a false light invasion of privacy claim must be clearly directed at the plaintiff. *Prescott,* 497 So.2d at 81. Invasion of privacy includes the widespread dissemination of information which is sufficient to familiarize the public with either the name, likeness, or other means of identifying the plaintiff. *See Moore v. Big Picture Co.,* 828 F.2d 270, 273–74 (5th Cir.1987). Invasion of privacy claims may arise from circumstances surrounding the statements in question, but the plaintiff must identify particular statements or passages that are false and invade her privacy. *Prescott,* 497 So.2d at 81.

The defendants have moved to dismiss and for summary judgment on the ground that the advertisements at issue fail to identify the plaintiff. Defendants argue that the plaintiff has failed to state a claim upon which relief can be granted under any viable theory of defamation or invasion of privacy. Defendants further argue that the plaintiff has failed to establish the essential elements of its claims as is required after a proper summary judgment attack. A different analysis is required for each challenge.

■ Although Rule 12(b)(6) is a powerful tool in expediting the judicial process, it should be applied cautiously and granted only on rare occasion. *Clark v. Amoco Production Co.,* 794 F.2d 967, 970 (5th Cir.1986). A complaint is not to be dismissed under Rule 12(b) unless it appears to a certainty that no relief can be granted under any set of facts that can be proven in support of its allegations. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80, 96 (1957); *United States v. Uvalde Consol. School District,* 625 F.2d 547, 549 (5th Cir.1980); *cert. denied,* 451 U.S. 1002, 101 S.Ct. 2341, 68 L.Ed.2d 858 (1981). Additionally, the complaint is liberally construed in favor of the plaintiff and all allegations are accepted as true for purposes of a Rule 12(b)(6) motion. *Kaiser Aluminum and Chemical Sales, Inc. v. Avondale Ship Yards, Inc.,* 677 F.2d 1045, 1050 (5th Cir.1982), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983). The court declines to dismiss on this basis.

The court's analysis under Rule 56 is quite different because this rule places an additional responsibility on the challenged party to go beyond its bare allegations to set forth specific facts in support of the essential elements of its case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Rule 56 requires the entry of summary judgment in any case where the challenged party fails "to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273. The very purpose of summary judgment is to isolate and dispose of factually unsupported claims. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553, 91 L.Ed.2d at 274; *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1196 (5th Cir.1986).

The party moving for summary judgment must make a minimal showing that there is an absence of a genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R.Civ.P. 56. In other words, the movant must inform both the court and the adverse party of the basis for its motion. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553, 91 L.Ed. 2d at 274. After this challenge, the adverse party must go beyond the pleadings to make a sufficient showing on the essential elements of its case. *Celotex,* 477 U.S. at 322–26, 106 S.Ct. at 2552–54, 91 L.Ed.2d at 273–75. Rule 56(e) places the responsibility on the adverse party to "set forth specific facts" with proper evidence to

show "that there is a genuine issue for trial" regarding the critical element at issue.

Rule 56(e) requires the adverse party to support its claim with affidavits, depositions, answers to interrogatories, admissions on file, and other evidentiary material. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274. Although the court does not assess the probative value of the material presented, evidence in opposition to the motion that is without probative force is insufficient to create a genuine issue for trial. *First National Bank of Arizona v. Cities Services*, 391 U.S. 253, 290, 88 S.Ct. 1575, 1593, 20 L.Ed.2d 569, 593 (1968). Legal conclusions, unsworn statements, and the possibility of evidence are insufficient. *Fontenot*, 780 F.2d at 1195–96; *Leonard v. Dixie Well Service and Supply, Inc.*, 828 F.2d 291, 295 (5th Cir.1987); *Oglesby v. Terminal Transport Co., Inc.*, 543 F.2d 1111, 1112 (5th Cir. 1976). The Supreme Court has recognized that "there is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202, 212 (1986). Rule 56(c) requires the adverse party to present more than a metaphysical doubt. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538, 552 (1986).

▪ "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510, 91 L.Ed.2d at 211. The governing substantive law identifies those facts which are material. The claim that some factual dispute exists between the parties will not defeat a properly supported motion for summary judgment, unless the factual dispute is both genuine and material. *Anderson*, 477 U.S. at 247–48, 106 S.Ct. at 2509–10, 91 L.Ed.2d at 211; *Phillips Oil Co. v. OKC Corp.*, 812 F.2d

265, 273 (5th Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 152, 98 L.Ed.2d 107 (1987).

▪ The defendants have forcefully argued that the materials published in their magazines failed to identify the plaintiff and therefore the plaintiff cannot establish the essential elements of her defamation and invasion of privacy claims. The plaintiff has failed to respond with sufficient evidence to create a genuine issue of material fact on the critical issue presented. If there is a failure of proof on an essential element of the claim, all other facts are immaterial and summary judgment must be entered. *Washington v. Armstrong World Industries*, 839 F.2d 1121, 1122 (5th Cir.1988). The plaintiff has not supported her argument that she was identified in the two advertisements at issue with evidence as required by Rule 56(e).

▪ The statement appearing in Harvey's publication fails to identify or implicate the plaintiff in any way. In fact, the description in the advertisement indicates that the "swinger" was from Jackson, Mississippi instead of Oxford. The Harvey advertisement does not appear to disclose a post office box number or any other detail which would link this advertisement to the plaintiff. Plaintiff has not established that any code in the advertisement directed the public's attention to the plaintiff. The picture provided as part of the advertisement had the face removed and the plaintiff denies that it is her picture. The picture could favor numerous persons in Jackson or Oxford and is insufficient to link the advertisements to the plaintiff under such circumstances.

The statement appearing in George's publication also fails to identify or implicate the plaintiff. The description in the advertisement indicates that the woman lives in Jackson, Mississippi and does not disclose a post office box or any other detail which would link this advertisement to the plaintiff. The faceless picture was not of the plaintiff and could not reasonably link the advertisement to the plaintiff.

The plaintiff has failed to create a genuine issue of material fact on a critical element of its case. The court finds that the

plaintiff has not set forth specific facts to establish that the defendants' advertisements identified her as the person in the advertisements at issue and that the plaintiff has not supported a claim for defamation or invasion of privacy. Summary judgment should be entered "so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553, 91 L.Ed.2d at 274. The defendants have established that they are entitled to judgment as a matter of law.

### D. Conclusion

The court exercises *in personam* jurisdiction over the defendants. The defendants' activity satisfied Mississippi's long-arm statute and the due process clause. Mississippi's one year statute of limitations bars the plaintiff's defamation claims. The plaintiff has failed to support a critical element of its claim regarding the connection between the offensive advertisement and the plaintiff. The publications simply did not implicate the plaintiff. The court is of the opinion that the defendants' motion is well taken.

An order in accordance with this opinion will be issued.