Dolton W. McALPIN, Administrator of the Estate of Robert J. Hynes, Plaintiff,

v.

JAMES McKOANE ENTERPRISES, INC., Defendant.

No. EC 74–167–K.

United States District Court, N. D. Mississippi, E. D.

May 29, 1975.

938

Luke Dove, Jackson, Miss., for plaintiff.

W. E. Suddath, Jr., Jackson, Miss., for defendant.

## MEMORANDUM OPINION

KEADY, Chief Judge.

This is another in a long line of cases in which this court has been required to interpret various aspects of the Mississippi Long Arm Statute.[1] The precise issue raised today is whether the statute can be utilized in an action for the wrongful death of a nonresident decedent, where the plaintiff is a Mississippi resident suing as administrator of the decedent's estate pursuant to letters of administration granted by a Mississippi chancery court.

From the pleadings, affidavits, and briefs of counsel now before us, it appears that on September 11, 1973, Robert J. Hynes, a resident of Farmingdale, New York, was one of three passengers on a private aircraft owned by James McKoane Enterprises, Inc. (McKoane), a California corporation, and piloted by McKoane's agent, Anthony Patterson Clavier. The flight, which had begun outside the continental United States and was bound for California, terminated tragically in Jones County, Mississippi, where, for reasons as yet undetermined, it crashed. All on board were killed.

On December 9, 1974, Dalton McAlpin, a resident of Starkville, Mississippi, was appointed administrator of Robert Hynes' estate by the Chancery Court of Jones County, Mississippi. Hynes was only 25 years of age at his death, dying intestate and left no significant estate other than a claim for negligence against the owner and operator of the aircraft in which he was killed. The decedent was survived by statutory beneficiaries (at least his parents according to plaintiff's counsel) who were nonresidents of Mississippi. In this federal ac-

1. E. g., American International Pictures v. Morgan, 371 F.Supp. 528 (N.D.Miss.1974); Kaydee Metal Products Corp. v. Sintex Machine Tool Mfg. Corp., 342 F.Supp. 902 (N.D.Miss.1972); Breedlove v. Beech Aircraft Corp., 334 F.Supp. 1631 (N.D.Miss.1971); McKnight v. Dyer, 331 F.Supp. 343 (N.D.Miss.1971); Alford v. Whitsel, 322 F.Supp. 358 (N.D.Miss.1971).

tion, McAlpin sues McKoane for damages to Hynes' estate, including loss of property, and for damages sustained by the statutory beneficiaries on account of Hynes' wrongful death, pursuant to Miss.Code Ann. § 11–7–13 (1972), Mississippi's wrongful death act.[2] Service of process on McKoane as a nonresident defendant was made through the Secretary of State under Miss.Code Ann. § 13–3–57 (1972), the State's long-arm statute.[3] The complaint alleged the occurrence in Mississippi of McKoane's tortious acts and omissions which resulted proximately in Hynes' death and resultant damages.

McKoane seeks to dismiss the complaint for lack of in personam jurisdiction and for failure of effective process. McKoane urges that since in personam

2. § 11–7–13 provides, in relevant part:
Whenever the death of any person shall be caused by [any] real wrongful or negligent act or omission, or by such unsafe machinery, way or appliances as would, if death had not ensued, have entitled the party injured or damaged thereby to maintain an action and recover damages in respect thereof, . . . and such deceased person shall have left a widow or children or both, or husband or father or mother, or sister, or brother, the person or corporation, or both that would have been liable if death had not ensued, and the representatives of such person shall be liable for damages, notwithstanding the death, and the fact that death was instantaneous shall in no case affect the right of recovery. The action for such damages may be brought in the name of the personal representative of the deceased person for the benefit of all persons entitled under the law to recover, or by widow for the death of her husband, or by the husband for the death of the wife, or by the parent for the death of a child, or in the name of a child, or in the name of a child for the death of a parent, or by a brother for the death of a sister, or by a sister for the death of a brother, or by a sister for the death of a sister, or a brother for the death of a brother, or all parties interested may join in the suit, and there shall be but one suit for the same death which shall ensue for the benefit of all parties concerned.

Damages recovered under the provisions of this section shall not be subject to the payment of the debts or liabilities of the deceased, except as hereinafter provided, and such damages shall be distributed as follows: Damages for the injury and death of a married man shall be equally distributed to his wife and children, and if he has no children all shall go to his wife; . . . and if the deceased has no husband or wife, the damages shall be equally distributed to the children; if the deceased has no husband, nor wife, nor children, the damages shall be distributed equally to the father, mother, brothers and sisters, or such of them as the deceased may have living at his or her death.

3. § 13–3–57 provides in relevant part:
Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi. Such act or acts shall be deemed equivalent to the appointment by such nonresident of the secretary of state of the State of Mississippi, or his successor or successors in office, to be the true and lawful attorney or agent of such nonresident upon whom all lawful process may be served in any actions or proceedings accrued or accruing from such act or acts, or arising from or growing out of such contract or tort, or as an incident thereto, by any such nonresident or his, their, or its agent, servant or employee.

. . . . .

The doing of such business, or the engaging in any such work or service in this state, or the making of such contract, or the committing of such tort in this state, shall be deemed to be a signification of such nonresident's agreement that any process against it or its representative which is so served upon the secretary of state shall be of the same legal force and effect as if served on the nonresident at its principal place of business in the state or county where it is incorporated and according to the law of that state or country.
Service of any process herein provided for to be made upon the secretary of state shall be made in like manner and procedure, inclusive of notice of service, and with the same force and effect, as is provided by law for service on nonresident motorist defendants under section 13–3–63, provided, however, that service of process may be had in any county of the state where the defendants, or any of them, may be found.

jurisdiction in this forum may only be acquired by use of Mississippi's Long Arm Statute, which applies solely in favor of Mississippi residents, Robert Hynes' lack of Mississippi residency bars his administrator, although a Mississippi resident, from maintaining suit against McKoane in this court.

### I.

■ Although not addressed by the parties, the fundamental inquiry is to resolve the choice of substantive law here applicable. In Mississippi, as in most jurisdictions, choice of law in wrongful death actions is governed by the "center of gravity" or "most substantial contacts" test, which presumptively applies the law of the forum state unless some other state has a demonstrably more significant relationship with the occurrence and the parties. Mitchell v. Craft, 211 So.2d 509 (Miss.1968). The considerations relevant to choosing the substantive law to be applied under this test are well known and need not be recited here. See §§ 145, 175 The Restatement (Second) Conflict of Laws.

In this case, the defendant is a resident of California. The decedent was a New York resident and we may assume that the decedent's statutory heirs are also residents of that state. The cause of action, however, accrued in Mississippi, and acts of negligence leading to the decedent's death are alleged to have occurred here. Presumably, and upon representations of plaintiff's counsel, persons having knowledge of circumstances surrounding the crash reside in Mississippi or neighboring states. Further, the plaintiff-administrator is a Mississippi resident, and a Mississippi court has sole responsibility for administering decedent's estate.

■ On these facts, we are satisfied that the Supreme Court. of Mississippi would conclude, as we do, that Mississippi, absent a contrary showing, presumptively has the most substantial relationship to the occurrence and the parties, and that Mississippi substantive law, including the state's wrongful death act, must govern the rights and liabilities of the parties.

### II.

■ Under Rule 4(e), F.R.Civ.P., service of process sufficient to confer in personam jurisdiction may be effected in this federal court in any manner and to the extent prescribed by constitutionally valid Mississippi law. In this instance, McKoane is a California corporation not qualified to do business in this state. Without other statutory authority, we may not now adjudicate McKoane's rights and obligations in this diversity action unless the Mississippi Long Arm Statute permits the plaintiff to bring McKoane before us.[4] Moreover, since service can be effected only by state law, we must look to Mississippi law to determine whether the state's long-arm statute may be here employed. Dawkins v. White Products Corp., 443 F.2d 589 (5 Cir. 1971); Walker v. Savell, 335 F.2d 536 (5 Cir. 1964); Galloway v. Korcekwa, 339 F.Supp. 801, 804 (N.D.Miss.1972).

That statute provides three categories of nonresident defendants against whom its reach may be invoked.[5] In the instant case, only the second category—a nonresident who commits a tort in whole or in part in this state against a resident of this state—is demonstrably applicable. The airplane crash occurred in this state and, in the words of the state supreme court:

> "The tort is not complete until the injury occurs, and if the injury occurs

---

4. See Arrowsmith v. United Press International, 320 F.2d 219 (2 Cir. 1963).

5. "Any nonresident person . . .
  [1] who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or

  [2] who shall commit a tort in whole or in part in this state against a resident of this state, or

  [3] who shall do any business or perform any character of work or service in this state . . . ."

in this State, then, under the amended statute, the tort is committed, at least in part, in this State, and personam jurisdiction of the nonresident tort feasor is conferred upon the Mississippi court." Smith v. Temco., Inc., 252 So.2d 212, 216 (Miss.1971).

Whether McKoane might also come within the third, "doing business category, as plaintiff's counsel asserts, has not yet been demonstrated and is presently irrelevant, for irrespective of the classification into which the nonresident defendant may fall, only Mississippi residents may invoke the long-arm statute. Indeed as this court has held,

> "by the enactment of the state's long-arm statute, as consistently construed by prior cases, the state legislature intended to afford a remedy only to residents who might have claims or grounds of action against nonresidents from activity done within the state . . . . the long-arm statute was clearly enacted for the benefit of residents only . . . ."

American International Pictures v. Morgan, 371 F.Supp. 528, 532 (N.D.Miss. 1974). See also Moats v. City of Corinth, EC 72–77–K (N.D.Miss., Sept. 30, 1974); C. H. Leavell & Co. v. Doster, 211 So.2d 813 (Miss.1968).

For utilization of the long-arm statute under the nonresident tortfeasor category, two of the three criteria are clearly satisfied. The defendant is a nonresident of Mississippi and has allegedly committed a tort in part in this state. We, therefore, turn to the final criterion which must be met; has this tort been committed against a resident of this state within the meaning of the long-arm statute? Whether a resident administrator can satisfy the plaintiff's residency requirement to employ the long-arm statute presents a case of first impression under Mississippi law.

■ It is at least clear that the long-arm statute may be invoked whenever tortious acts of a nonresident, committed in part in this state, have resulted in legal injury to a resident of this state. See Smith, supra, 252 So.2d at 216. In determining whether the plaintiff-administrator has suffered injury from the alleged tort, we must examine Mississippi law governing the status of a Mississippi administrator in actions arising from the intestate's wrongful death.

McKoane invokes as the relevant state law Mississippi Power Co. v. Archibald, 189 Miss. 332, 196 So. 760 (1940), and Thames v. State of Mississippi, 117 F.2d 949 (5 Cir. 1941), two cases which may be fairly characterized as relics of federal diversity jurisdiction. Each of these decisions was concerned with the status of a Mississippi plaintiff-administrator as a real party in interest for purposes of determining federal diversity jurisdiction. Each court found that under Mississippi law the administrator was merely a nominal party in a wrongful death action. Therefore, *Archibald* and *Thames* concluded that the citizenship of the administrator must be disregarded for diversity purposes.

■ The specific jurisdictional holding of *Archibald* and *Thames* may have been poor federal law at the time the cases were decided,[6] and it has certainly been demolished by the subsequent adoption of Rule 17(a), F.R.Civ.P., and overwhelming federal precedents holding that where state law authorizes a personal representative to sue for the decedent's wrongful death, that representative is a real party in interest whose citizenship will be looked to in determining federal diversity jurisdiction. Bush v. Carpenter Brothers, Inc., 447 F.2d 707, 710–11 (5 Cir. 1971); State of Mississippi v. Durham, 444 F.2d 152, 153, n. 2 (5 Cir. 1971); Harris v. Johnson, 345 F.Supp. 516, 517 (N.D.Miss.1972); Allen v. Baker, 327 F.Supp. 706 (N.D. Miss.1968); C. Wright, The Law of Federal Courts § 29 (2d ed. 1970).

6. See Mecom v. Fitzsimmons Drilling Co., 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233 (1931).

Moreover, the explicit state-law basis for *Archibald* and *Thames*—that administrators are not interested parties in actions arising from the wrongful death of their decedents—has been superseded by recent decisions of the Supreme Court of Mississippi construing the applicable Mississippi statutes.

In Thornton v. Ins. Co. of North America, 287 So.2d 262 (Miss.1973), the state supreme court undertook a comprehensive examination of the rights of the various parties in suits arising from wrongful death under these statutes. The court held that a decedent's wrongful death may give rise to two distinct causes of action.[7] The first, under Miss.Code Ann. §§ 91–7–231–233 (1972), is maintainable only by the decedent's administrator, redounds to the benefit of and is for assets due the decedent's estate, and encompasses hospital, medical and funeral expenses, and all damages to the decedent's real and personal property resulting from the alleged wrongful act.[8] The second cause of action, under the wrongful death act, may but need not be brought by the administrator, is for the benefit of the decedent's heirs at law, and is available for punitive damages, pain and suffering of the decedent, and any damages which the heirs may have suffered due to their relationship with the deceased, such as support and maintenance and loss of companionship. If the decedent is survived by spouse, child, parent, brother or sister, any recovery under this second cause of action passes directly to them, free of claims of the decedent's creditors and outside his estate. Absent any such surviving heirs, however, all damages recovered by the administrator in an action for wrongful death are subject to the debts and liabilities of the decedent's estate, with any remaining balance awarded according to the decedent's testamentary wishes, or by Mississippi's statutes of descent and distribution in the event of intestacy.

*Thornton* further held that a plaintiff-administrator may assert both causes of action—that for the assets of the estate and that for wrongful death—in one lawsuit; provided only that the causes are pled in separate counts. Thus, the extent to which the decedent's estate may have a beneficial interest in the administrator's suit against the wrongful death tortfeasor is contingent on two factors: (1) whether there are claims of assets due the estate; and (2) whether there are surviving heirs who can preempt the claim of the estate or its creditors to a recovery under the wrongful death act. Irrespective of any beneficial interest in the recovery however once the administrator brings these causes of action, as is his statutory right, no further action may be filed by or on behalf of the statutory heirs for the decedent's wrongful death; further, none of those heirs may join with the administrator as plaintiffs in his present action. Bush, supra; Southern Pine Electric Power Ass'n. v. Denson, 214 Miss. 397, 59 So.2d 75, 76 (Miss.1952). Only one such action is permitted, and once the administrator proceeds to a merits determination, his suit will be res

---

7. The structure defined in *Thornton* was foreshadowed by two earlier Mississippi Supreme Court decisions, Scott v. K–B Photo Service, 260 So.2d 842 (Miss.1972), and Byars v. Austin, 218 So.2d 11, (Miss.1969), in which the Court emphasized the dual nature of actions arising from wrongful death.

8. These statutes provide:
§ 91–7–231. Actions which accrue in administration.

An executor, administrator, or temporary administrator may maintain any action or suit which shall accrue to him in the due course of administration, on any contract which he is authorized to make as such, or for the recovery of personal property, or for injuries thereto.
§ 91–7–233. What actions survive to executor.

Executors, administrators, and temporary administrators may commence and prosecute any personal action whatever, at law or in equity, which the testator or intestate might have commenced and prosecuted. They shall also be liable to be sued in any court in any personal action which might have been maintained against the deceased.

judicata with respect to all wrongful death claims arising from the decedent's demise.

In the case at bar, the complaint seeks recovery under both causes of action. Damage is alleged to the decedent's property as well as to the statutory beneficiaries—whose existence and identity are presently undisclosed. At this juncture, it is, of course, impossible to ascertain the extent to which the estate has been damaged, and hence the size of the administrator's beneficial interest in the action sub judice. However, even if that interest is only minimal, it would constitute sufficient legal injury to support the plaintiff-administrator's right to invoke the long-arm statute and give Mississippi courts in personam jurisdiction over McKoane, at least with respect to McAlpin's claims for damage to the decedent's estate. Although it is true that the estate would have no beneficial interest in any damages recovered under the wrongful death act, should proper statutory heirs exist, the legislature has, through the wrongful death act, designated the administrator as the proper plaintiff to recover all damages flowing from the wrongful death of his decedent. In such case, the Mississippi administrator should be able to litigate claims of injury arising in this state, and which are to be determined by the substantive law of this state, by proceeding against the nonresident tortfeasor in the courts of Mississippi.

■■ We believe that by construing the state's wrongful death act in pari materiae with its long-arm statute, it is reasonable to consider that the resident administrator named by a Mississippi chancery court is a proper plaintiff here for all purposes. His designation as a plaintiff with right to sue under the wrongful death act is a legislative determination that he is the legally injured party, and thus he should be fully able to pursue all claims for which he has undoubted authority to sue. We hold that the phrase "against a resident of this state" as used in the long-arm statute was intended to confer in personam jurisdiction over nonresidents allegedly liable in tort to a Mississippi plaintiff-administrator. The well-established preference of the state supreme court for a liberal construction of a long-arm statute in favor of resident plaintiffs permits no other acceptable conclusion. Smith, supra; Mississippi Chemical Corp. v. Vulcan-Cincinnati, Inc., 224 F. Supp. 11 (S.D.Miss.1963).

Sound policy considerations also militate in favor of our conclusion, which would facilitate the ability of resident administrators appointed by the state's chancery courts to collect assets due the estate, for the likely benefit of local estate creditors. Moreover, the interests of judicial economy, always well respected in Mississippi, clearly favor resolution of such closely related claims in one judicial proceeding.

Whether the administrator might not have a beneficial interest in part of an eventual recovery is, to us, irrelevant, contingent as it is on the identity of heirs who are not parties to this proceeding and have no legal status here. With a Mississippi resident being a proper plaintiff before the court, we need not inquire to whose eventual benefit a recovery might accrue.

We, therefore, deny the defendant's motion to dismiss the complaint for lack of in personam jurisdiction; McKoane is properly before this court and may be bound by a merits determination.

Let an order be issued accordingly.