The **ESTATE OF David L. PORTNOY, Deceased, Jerri Bridges, Administratrix, Plaintiff-Appellant,**

v.

**CESSNA AIRCRAFT COMPANY, Defendant-Appellee.**

No. 82–4453.

United States Court of Appeals, Fifth Circuit.

April 20, 1984.

Hopkins, Logan & Vaughn, Floyd J. Logan, Gulfport, Miss., for plaintiff-appellant.

Watkins & Eager, Thomas C. Gerity, Jackson, Miss., for defendant-appellee.

Before CLARK, Chief Judge, GARZA and JOLLY, Circuit Judges.

PER CURIAM:

The estate of David L. Portnoy appeals the district court's dismissal of its diversity suit for lack of personal jurisdiction. The district court held that the personal representative of the estate of a non-resident is not entitled to invoke the benefit of the Mississippi long-arm statute to effect service of process, and that, in any event, the defendant, Cessna Aircraft Company, does not have sufficient contacts with the State of Mississippi, so that subjecting it to a lawsuit there violates its due process rights. Because we affirm the district court's decision on the basis of our reading of the applicable Mississippi statutes, including the long-arm statute, we do not reach the due process issue.

## I.

The defendant, Cessna Aircraft Company, is a Kansas corporation with its principal place of business in Wichita. The plaintiff's decedent, David L. Portnoy, was a twenty-five-year-old Pennsylvania resident and a staff sergeant in the Pennsylvania Air National Guard. In November of 1976, while participating in a training mission, the Cessna plane he was flying crashed in the waters near Bay St. Louis, Mississippi. All heirs and beneficiaries of Portnoy's estate in 1976 were, and still are, Pennsylvania residents.

The Gulfport, Mississippi, law firm of Hopkins, Logan and Vaughn represented Portnoy's parents before this litigation began. At the request of one of the partners, a secretary for the firm, Jerri Bridges, agreed to serve as administratrix of the estate. In February of 1982 a state chancery court duly appointed her to serve in that capacity. In April of 1982 she filed this diversity action in the United States District Court for the Southern District of Mississippi, seeking damages from Cessna under theories of strict liability and breach of warranty.

Because Cessna is not registered to do business in Mississippi, the plaintiff effected service of process by serving the Secretary of State of the State of Mississippi, pursuant to MISS.CODE ANN. 13-3-57 (1972 & Supp.), the Mississippi long-arm statute. Cessna moved for dismissal for lack of personal jurisdiction. The district court granted Cessna's motion. We affirm the district court because the plain wording of the applicable Mississippi statutes creating the state cause of action and its mechanisms of enforcement, as well as the case law interpreting those statutes, do not allow the administratrix to obtain personal jurisdiction over Cessna.

## II.

*Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) requires us to apply state substantive law to this suit. Unfortunately, no state statute or case unequivocally disposes of the issues presented. Consequently, we begin our analysis by looking to the applicable statutes.

The Mississippi wrongful death statute that creates the plaintiff's substantive cause of action allows the personal representative of a deceased person to bring an action for damages caused by "articles or commodities intended for human consumption" that, had death not ensued, would "have entitled the person injured or made ill or damaged thereby, to maintain an action and recover damages in respect thereof." [1] Similarly, the Mississippi statute

---

1. The relevant portion of the statute provides in full:

   Whenever the death of any person shall be caused by any real wrongful or negligent act or omission, or by such unsafe machinery, way or appliances as would, *if death had not ensued, have entitled the party injured or damaged thereby to maintain an action and recover damages in respect thereof,* or whenever the death of any person shall be caused by the breach of any warranty, express or implied, of the purity or fitness of any foods, drugs, medicines, beverages, tobacco or any and all other articles or commodities intended for human consumption, as *would, had the death not ensued, have entitled the person injured or made ill or damaged thereby, to maintain an action and recover damages in respect thereof;* and such deceased person shall have left a widow or children or both, or husband or father or mother, or sister, or brother, the person or corporation, or both that would have been liable if death had not ensued, and the representatives of such person shall be liable for damages, notwithstanding the death, and the fact that death was instantaneous shall in no case affect the right of recovery. The action for such damages may be brought in the name of the personal representative of the deceased person for the benefit of all persons entitled under the law to recover, or by widow for the death of her husband, or by the husband for the death of the wife, or by the parent for the death of a child, or in the name of a child, or in the name of a child for the death of a parent, or by a brother for the death of a sister, or by a sister for the death of a brother, or by a sister for the death of a sister, or a brother for the death of a brother, or all parties interested may join in the suit, and there shall be but one suit for the same death which shall ensue for the benefit of all parties concerned, but the determination of such suit shall not bar another action unless it be decided on its merits. In such action the party or parties suing shall recover such dam-

that defines the kinds of actions the executor of an estate may prosecute provides that:

> Executors, administrators, and temporary administrators may commence and prosecute any personal action whatever, at law or in equity, *which the testator or intestate might have commenced and prosecuted.* They shall also be liable to be sued in any court in any personal action which might have been maintained against the deceased.

MISS.CODE ANN. § 91–7–233 (1972) (emphasis added).

Mississippi courts have interpreted these statutes as creating two distinct causes of action, one in favor of the decedent's estate and maintainable only by the administrator or executor, and one in favor of the decedent's survivors and maintainable by any personal representative. An executor or administrator may prosecute both causes of action in one suit provided that he pleads them in separate counts. *Thornton v. Insurance Company of North America,* 287 So.2d 262 (Miss.1973). Notwithstanding the fact that the causes of action accrue to the estate and to the survivors, however, the statutes by their plain terms allow the person who prosecutes the action the same rights as the decedent would have had. Only if the decedent "could maintain an action and recover damages," or "might have commenced and prosecuted" the suit will Mississippi law permit the plaintiff in the wrongful death action to proceed. The plaintiff, then, stands in the shoes of his decedent. *See Rainey v. Horn,* 221 Miss. 269, 72 So.2d 434, 436–38 (1954) (wrongful death statute). *Cf. Scott v. Munn,* 245 Miss. 120, 146 So.2d 564 (1962) (personal representative cannot prosecute a cause of action for loss of consortium if decedent could not).

The Mississippi long-arm statute in effect at the time of Portnoy's accident deems nonresidents "who shall commit a tort in whole or in part in this state against a resident of this state" to be doing business in Mississippi for the purposes of allowing a plaintiff to obtain personal jurisdiction over them.[2] Thus, the statute, by its own terms, operates only in favor of Mississippi residents. Further, cases decided pursuant to the statute also hold that the statute is not available to nonresidents. *E.g., C.H. Leavell & Co. v. Doster,* 211 So.2d 813 (Miss.1968). *See also American International Pictures, Inc. v. Morgan,* 371 F.Supp. 528, 532 (N.D.Miss.1974). In their restrictive interpretation of the long-arm statute, courts rely not only on the clear wording of the statute, but also on the proposition that Mississippi has no obligation to open the doors of its courts to allow residents of other states to bring actions against nonresident defendants. *E.g., McAlpin v. James McKoane Enterprises, Inc.,* 395 F.Supp. 937, 941 (N.D.Miss.1975).

Thus, our review of the long-arm statute together with the wrongful death statute and the executors' cause of action statute reveals that Jerri Bridges did not

---

ages as the jury may determine to be just, taking into consideration all the damages of every kind to the decedent and all damages of every kind to any and all parties interested in the suit.
MISS.CODE ANN. § 11–7–13 (Supp.1983) (emphasis added) (also in effect in 1976).

2. The relevant portion of the statute provides in full:

> Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this

state against a resident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi. Such act or acts shall be deemed equivalent to the appointment by such nonresident of the secretary of state of the State of Mississippi, or his successor or successors in office, to be the true and lawful attorney or agent of such nonresident upon whom all lawful process may be served in any actions or proceedings accrued or accruing from such act or acts, or arising from or growing out of such contract or tort, or as an incident thereto, by any such nonresident or his, their, or its agent, servant or employee.
MISS.CODE ANN. § 13–3–57 (1972).

obtain personal jurisdiction over Cessna. Because the long-arm statute was not available to nonresidents, neither Portnoy nor his survivors, all of whom were or are Pennsylvania residents, could have prosecuted a cause of action for wrongful death in Mississippi courts against Cessna. Because Jerri Bridges has only those rights that the decedent would have had if he had survived the accident, she likewise may not prosecute an action for wrongful death, either on behalf of the estate or on behalf of the survivors.[3] That she is a resident of Mississippi is irrelevant, because her substantive rights are the same as the decedents regardless of her own residency.

### III.

Portnoy's estate argues vigorously that Jerri Bridges, a Mississippi resident, is the "real party in interest" against whom the tort was committed, and that Portnoy's status as a Pennsylvania resident is irrelevant. We are not convinced.

■■■ If Cessna committed a tort at all, it did so not against the estate, but against Portnoy, a non-resident. As this court recognized in *Prejean v. Sonatrach, Inc.*, 652 F.2d 1260, 1270 (5th Cir.1981), a tort occurs when and where the actual injury or accident takes place, and not at the place of the economic consequences of that injury. Thus, the tort did not occur "against a resident of this state" as the long-arm statute requires.

Additionally, the estate relies heavily on Federal Rule of Civil Procedure 17(a), which provides that the executor or administrator of an estate is the real party in interest for purposes of prosecuting an action in federal court. Rule 17(a), however, cannot expand the jurisdiction of federal courts, and the *Erie* doctrine, which makes state substantive law applicable to this action, places substantive limitations on the application of Rule 17(a). Fed.R.Civ.P. 82.

As explained, state substantive law requires us to hold as a matter of statutory construction that the estate did not obtain personal jurisdiction over Cessna. Further, as this court previously noted, "it is well established that under Mississippi law the administrator is not an interested party in a wrongful death action, even though he is a 'real party in interest' within the meaning of Rule 17 of the Federal Rules for the purposes of determining federal [diversity] jurisdiction." *Bush v. Carpenter Brothers, Inc.*, 447 F.2d 707, 711 (5th Cir.1971) (citations omitted).

We are also unimpressed with the estate's second argument that it has a substantive right created by Mississippi law but that its rights simply are unenforceable because of a procedural bar. The Supreme Court laid that argument to rest in *Woods v. Interstate Realty Co.*, 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524 (1949), in which it interpreted a Mississippi statute prohibiting foreign corporations not qualified to do business in the state from bringing actions in state courts. In holding that a federal court in Mississippi likewise could not entertain a suit in which the plaintiff was an unqualified foreign corporation, the Court said that "a right which local law creates but which it does not supply with a remedy is no right at all for purposes of enforcement in a federal court in a diversity case." The Court further explained that if the plaintiff is barred in state court, "he likewise should be barred in federal court." "The contrary result," said the Court, is inconsistent with *Erie* because it "would create discriminations against citizens of the State in favor of those authorized to invoke the diversity jurisdiction of the federal courts." *Id.* at 538, 69 S.Ct. at 1237.

Finally, the estate relies heavily on the district court case of *McAlpin v. James McKoane Enterprises, Inc.*, 395 F.Supp. 937 (N.D.Miss.1975). *McAlpin* addressed facts almost identical to those of the present case. The plaintiff was the resident administrator of a nonresident decedent's estate, suing for damages allegedly suffered when the decedent's aircraft

---

**3.** The decedent likewise could not have prosecuted an action in Kansas, the resident state of Cessna, because of the applicable two-year statute of limitations. KAN.STAT.ANN. § 60–513.

crashed in Mississippi territory. None of the decedent's beneficiaries was a Mississippi resident. In *McAlpin* the court held that the plaintiff estate could invoke the Mississippi long-arm statute to obtain personal jurisdiction over the defendant. Having determined that the nominal plaintiff was a Mississippi resident, and that the estate was the legally injured party, the court did not look to the Mississippi law that created the substantive cause of action. *Id.* at 941–43.

*McAlpin*, of course, is not binding precedent on this court, and to the extent that its reasoning is contrary to our own in this case, we disagree with it. As discussed, what is crucial is that a tort be committed against a Mississippi resident. Whatever "legal injury" an estate may suffer, the tort in this case, if it occurred at all, was committed at the time the plane crash killed Portnoy, a Pennsylvania resident.

### IV.

In conclusion, we note that we are sympathetic to the plaintiff's argument that Mississippi is the most logical state in which to pursue this lawsuit. The tort occurred in Mississippi. Mississippi law will govern the substantive rights of the parties. Witnesses and evidence, if they exist, probably are located in Mississippi. We, however, have more compelling considerations of federalism to uphold, as well as the requirements of the *Erie* doctrine. We also note that in this case, more than the average diversity case, we are truly "writing on the wind." *Thompson v. Johns-Manville Sales Corp.*, 714 F.2d 581, 538 (5th Cir.1983) (Gee, J.). Mississippi recently amended its long-arm statute to make it available to nonresidents. The issue of retroactivity of that amendment not being before this court in the present case, we emphasize that the particular point of law decided in this appeal is not likely to have a lasting effect on Mississippi law or dictate inequitable results in future cases.

AFFIRMED.