**Joyce Ann COSPER and Essie Faye Eggensperger, Plaintiffs,**

v.

**Fred ALLRED, Daniel Kooyman, Mrs. Daniel Kooyman, Dwight Eslick, Sue Eslick, Walter Rumbarger, Margie G. Rumbarger, and the Church of Jesus Christ of Latter Day Saints, Defendants.**

**No. DC83–105–NB–O.**

United States District Court, N.D. Mississippi, Delta Division.

July 26, 1984.

Thomas S. Shuler, Sardis, Miss., for plaintiffs.

W. Kurt Henke, Walter W. Thompson, Clarksdale, Miss., John C. Crecink, Jr., Jackson, Miss., for defendants.

## MEMORANDUM OPINION

BIGGERS, District Judge.

Fred Allred, one of the defendants in the above styled and numbered wrongful death action, has moved this court to quash service of process and dismiss the complaint filed against him for lack of *in personam* jurisdiction. The defendant Allred is now an adult resident citizen of the State of Utah, and at the time of the actions complained of was a resident of the State of Tennessee and Bishop of the Memphis Stake, Second Ward of The Church of Jesus Christ of Latter Day Saints in Memphis, Tennessee.

This action arose from the following uncontested facts. On April 30, 1977, the Memphis Stake of The Church of Jesus Christ of Latter Day Saints (hereinafter referred to as "the Church") sponsored a camping trip to the Sardis Reservoir located in the State of Mississippi for some of the children who attend the Sunday school of the Church. The campers included Michael Cosper, a Tennessee resident who was the son of the plaintiff, Essie Faye Eggensperger, and the brother of the plaintiff, Joyce Ann Cosper. The plaintiffs allege that the camping trip was organized by the defendant Allred, acting in his capacity as Bishop of the Memphis Stake of the Church. The plaintiffs further allege that the defendant Allred was instructed by Mrs. Eggensperger that Michael Cosper could not swim and should not be allowed near the water. This instruction concerning Cosper was also allegedly given to the other individual defendants, who were the chaperones of the camping trip. The defendant Allred did not go on the camping trip but stayed in the State of Tennessee to attend to his regular duties with the Church. The record shows that sometime after the children and the chaperones arrived at the Sardis Reservoir, some of the chaperones noticed that Michael Cosper was missing and began a search for the child. After the chaperones were unable to locate Cosper, the defendant Allred was called and advised of the child's disappearance. The record shows that upon notification of this occurrence, the defendant Allred left the State of Tennessee and came to Sardis Reservoir in Mississippi to assist in the search for the missing child. After the search was unsuccessful, the defendant Allred telephoned the parents of the missing child and advised them of the situation. The most dreaded implications of the child's disappearance materialized when his body was found floating in the reservoir several days later. The plaintiffs have filed this wrongful death action against the Church, a Utah corporation with its principal place of business in Salt Lake City, Utah, the defendant Allred in his individual capacity and in his capacity as Bishop of the Church at the time, and the individual chaperones who accompanied the children to Sardis. This action was originally filed in the Circuit Court of Pano-

la County, Mississippi, and subsequently was removed to this court by the Church on diversity grounds.

The plaintiffs assert proper service of process and personal jurisdiction over all defendants pursuant to Miss.Code Ann. § 13–3–57 (Supp.1983) and § 13–3–63 (Supp.1983), sometimes referred to as the long-arm statute, due to the defendants' alleged commission of a tort in Mississippi. Defendant Allred submits that he is not amenable to process individually under the long-arm statute because he has not committed a tort in whole or in part in this state; furthermore, he asserts that maintenance of the action in this state would offend traditional notions of fair play and substantial justice. Defendant Allred further states that any participation he had in the camping trip was in his official capacity as Bishop of the Second Ward of the Memphis Stake of the Church and in furtherance of the Church's business, that any and all of such activities took place entirely within the State of Tennessee, and that at the time complained of he had no contact either in an official or individual capacity with the State of Mississippi.

The procedure applicable on a motion to dismiss for lack of *in personam* jurisdiction is as follows:

> When in personam jurisdiction is challenged by motion to dismiss or responsive pleadings, the burden is with the plaintiff to show the court a basis for the assertion of long-arm jurisdiction. This burden is met, however, by only a threshold *prima facie* showing that jurisdiction is conferred by the state long-arm statute; and, the pleadings and affidavits should be construed most strongly against the moving party. Of course, at the trial on the merits, the court is not

bound by its findings of fact on the jurisdictional issue....

2 *Moore's Federal Practice* ¶ 4.41–1[3] (2d ed. 1981) (footnotes omitted). *See also Benjamin v. Western Boat Building Corp.*, 472 F.2d 723, 731 (5th Cir.), *cert. denied*, 414 U.S. 830, 94 S.Ct. 60, 38 L.Ed.2d 64 (1973) (burden on invoking party to establish jurisdiction of court).

Since the plaintiffs assert that personal jurisdiction exists over the defendant Allred due to the Mississippi long-arm statute, Miss.Code Ann. § 13–3–57 (Supp.1983), the court must determine whether the defendant is amenable to service under the statute, a requirement controlled by the law of the forum state, and whether such jurisdiction comports with fourteenth amendment due process, a requirement controlled by federal law. *See Brown v. Flowers Industries, Inc.*, 688 F.2d 328, 332 (5th Cir.1982), *cert. denied*, 460 U.S. 1023, 103 S.Ct. 1275, 75 L.Ed.2d 496 (1983); *see also Familia de Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1138 (5th Cir.1980), *rehearing denied*, 454 U.S. 1022, 102 S.Ct. 557, 70 L.Ed.2d 418 (1981); *Product Promotions, Inc. v. Cousteau*, 495 F.2d 483, 489 (5th Cir.1974).

■ With regard to application of the statute, the plaintiffs have alleged that the defendant Allred committed a tort which in some manner caused the death of Michael Cosper.[1] Under Mississippi law, a single tort committed in whole or in part within the state is sufficient for jurisdiction to lie under the statute. Although the alleged tort may have originated in Tennessee, the injury presumably was caused in Mississippi and thus may be embraced by the Mississippi long-arm statute. *E.g., Smith v. Temco, Inc.*, 252 So.2d 212, 216 (Miss.1971)

---

1. The issue is somewhat confused by the plaintiffs' allegation in their complaint that the chaperones were the *sole* proximate cause of the death of Michael Cosper. Allred was not a chaperone; thus, the theory of the wrongful death action against him is unclear. However, in construing a motion to dismiss, the complaint is viewed in a light most favorable to the plaintiffs. *Hartford Accident & Indemnity Co. v.*

*Mitchell Buick-Pontiac & Equipment Co.*, 479 F.Supp. 345, 347 (N.D.Miss.1979). Plaintiffs have made allegations from which a cause of action may be inferred against Allred, either for negligent organization of the trip, for negligent organization of the search party, or for failure to convey the parent's instructions to the chaperones.

(tort committed at least in part where injury occurs).[2]

■ However, the Mississippi long-arm statute effective at the time of Michael Cosper's death in 1977 provided for jurisdiction against a non-resident "who shall commit a tort in whole or in part in this state *against a resident* of this state ..." (emphasis added). The statute was subsequently amended to encompass torts committed against a resident or a non-resident, but the statute in force at the time of Michael Cosper's death is limited by its terms and by case law so as to benefit only residents. *See Estate of Portnoy v. Cessna Aircraft Corp.*, 730 F.2d 286, 289 (5th Cir.1984) (statute in force at time of alleged wrongful death limited long-arm jurisdiction to resident plaintiffs); *American International Pictures, Inc. v. Morgan*, 371 F.Supp. 528, 532 (N.D.Miss.1974) (operation of former long-arm statute in favor of residents). In the present case, the decedent Michael Cosper was not a Mississippi resident; thus, the defendant Allred could not be subject to the terms of the Mississippi long-arm statute in effect at the time of Michael Cosper's death.[3] Furthermore, the plaintiffs have not asserted that the amendment to the long-arm statute should be given retroactive effect, and the court has grave doubts regarding the success of such an argument in any event. *See Mladinich v. Kohn*, 186 So.2d 481, 483 (Miss.1966) (no retroactive effect of statutory amendment unless manifest from language); *cf. Bouchillon v. Jordan*, 40 F.Supp. 354, 355–56 (S.D.Miss.1941) (prospective application of long-arm statute absent language to the contrary); *Estate of Portnoy*, 730 F.2d at 291 (no argument presented concerning possible retroactive effect of long-arm amendment). Thus, it is apparent that jurisdiction over the defendant Allred cannot be successfully maintained under the tort prong of the Mississippi long-arm statute.[4]

Inasmuch as this court has determined that the defendant Allred is not within the terms of the Mississippi long-arm statute, it is not necessary to address the second question, *i.e.*, the due process requirement that the non-resident defendant have "certain minimum contacts" with the forum state such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice," *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 101

---

**2.** Under long-arm statutes requiring that defendant has "committed a tort" for jurisdiction to attach, the plaintiff need not factually prove his case for the court to exercise jurisdiction. Rather, jurisdiction may be exercised under such provisions if the defendant makes out a *prima facie* showing that the defendant "committed a tort." *See Jetco Electronic Industries, Inc. v. Gardiner*, 473 F.2d 1228, 1232 (5th Cir.1973); *see also 2 Moore's Federal Practice* ¶ 4.41–1[3] (2d ed. 1981).

**3.** Under the Mississippi wrongful death statute, Miss.Code Ann. § 11–7–13 (Supp.1983), a plaintiff can bring only those actions which could have been brought by the decedent had he survived, *see, e.g., Hasson Grocery Co. v. Cook*, 196 Miss. 452, 462, 17 So.2d 791, 793 (1944); thus, the residence of the decedent appears to be controlling under the former Mississippi long-arm statute. However, inasmuch as neither the plaintiffs herein nor the decedent Michael Cosper are residents of the State of Mississippi, nor were they residents at the time of the alleged tortious conduct, the conduct unquestionably is not within the provisions of the former Mississippi long-arm statute.

**4.** Although the parties address *in personam* jurisdiction solely under the tort prong of the Mississippi long-arm statute, the court notes that neither of the other two jurisdictional bases appear satisfied, *i.e.*, the making of a contract or the doing of business in Mississippi. First, there are no allegations regarding the making of a contract with a Mississippi resident. Secondly, the "doing business" prong depends on the peculiar facts of the case, *see, e.g., Hazell Machine Co. v. Shahan*, 249 Miss. 301, 316, 161 So.2d 618, 622 (1964); *Jarrard Motors, Inc. v. Jackson Auto & Supply Co.*, 237 Miss. 660, 670, 115 So.2d 309, 313 (1959), and requires that the act in question arise out of the business upon which jurisdiction is asserted. *See Holvitz v. Norfleet-Ashley, Inc.*, 369 F.Supp. 394, 396 (N.D. Miss.1973); *Davis v. Nugent*, 90 F.Supp. 522, 527 (S.D.Miss.1950); *see also Mladinich v. Kohn*, 250 Miss. 138, 147–48, 164 So.2d 785, 790 (1964) (delineation of factors whereby long-arm jurisdiction comports with federal due process requirements). In the case at bar, the plaintiffs have not asserted that the defendant Allred has "done business" in Mississippi; furthermore, if any such "business" exists, the death of Michael Cosper does not arise from it.

(1945), or that he perform some act by which he "purposefully avails [him]self of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws," *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283, 1297 (1958). *See Brown*, 688 F.2d at 332. It appears to the court that the motion to dismiss filed by the defendant Allred is well taken and should be granted.

Let an order issue accordingly.