Thomas C. OGLESBY,
Plaintiff-Appellant,

v.

TERMINAL TRANSPORT COMPANY, INC. and Local 728, International Brotherhood of Teamsters, Chauffeurs and Warehousemen, Defendants-Appellees.

No. 76–2727
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 13, 1976.

Rehearing Denied Feb. 23, 1977.

Thomas C. Oglesby, pro se.

Robert W. Beynart, Kenneth L. Millwood, Atlanta, Ga., for Terminal, etc.

---

\* Rule 18, 5 Cir., *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Fredrick C. McLam, Atlanta, Ga., for Local 728.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

Plaintiff Thomas C. Oglesby was discharged in 1974 for violation of company policy because of his asserted failure to report a job-connected accident. Following his dismissal, Oglesby filed a grievance with his union, the Truck Drivers Local Union No. 728, as provided in the collective bargaining agreement with the company. No settlement could be reached and the matter was submitted to binding arbitration as permitted by the collective bargaining agreement. After hearing the evidence, the arbitration panel upheld Oglesby's dismissal.

Oglesby filed suit in state court alleging his discharge was wrongful and that the union had breached its duty of fair representation  The action was properly removed to the federal forum. Oglesby challenged the validity of the arbitration decision by asserting that a company representative remained in the room with the arbitrators while they were deliberating and that the union knowingly allowed this impropriety. He also challenged the union's failure to properly present his case.[1]

Oglesby's deposition produced this question and response:

Q. I'm asking if you can swear under oath that Mr. Osborne [the company representative in question] stayed in the room?

A. No, I can't, but we'll find out.

After discovery, the union and company moved for summary judgment. In response, Oglesby filed a statement in the form of an affidavit in which he claimed that the company representative remained with the arbitrators while they deliberated. This statement was not sworn. Oglesby contends here that allowing the company representative to remain both vitiated the proceedings and constituted a breach of the union's duty through failure to object to this impropriety. No other specific facts were tendered to the trial court in support of the generalized claim of faulty representation by the union. On this appeal Oglesby does not base his claim of unfair representation on anything other than the alleged presence of the company representative during deliberations.

Oglesby contends it is sufficient to defeat summary judgment that he indicated further discovery or a trial was needed to confirm his suspicions of uncorrected improper influence. He is wrong. Fed.R. Civ.P. 56(c) & (e) make it plain that neither an offer to prove suspicions at trial nor unsworn responsive statements suffice to create disputed issues of material fact which justify a trial. Oglesby never suggested that reasons existed which made a proper affidavit response impossible. See Fed.R.Civ.P. 56(f). The failure of Oglesby to respond in the manner mandated by the rule constitutes an omission which places his case squarely under the last sentence of Rule 56(e). "If he does not so respond, summary judgment, if appropriate, shall be entered against him." The pleadings, depositions, affidavits, and statements fail to show that there is any genuine issue as to any material fact; therefore the judgment rendered was appropriate. See Garcia v. American Marine Corporation, 432 F.2d 6 (5th Cir. 1970); Curl v. International Business Machines, 517 F.2d 212 (5th Cir. 1975).

Oglesby also contends that the entry of summary judgment in accordance

---

1. Oglesby further asserts that the accident did not occur as alleged and that his conduct was not in violation of company rules. Both of these contentions would be controlled by a valid arbitration decision rendered in a proceeding in which the union provides fair representation.

*Lomax v. Armstrong Cork Company,* 433 F.2d 1277 (5th Cir. 1970). Because we affirm the judgment on the basis of validity of the proceedings and fairness of union representation, we do not reach these challenges to the merits of the arbitration result.

with Fed.R.Civ.P. 56 violates his Seventh Amendment right to a jury trial and his Fifth Amendment right not to be deprived of property without due process of law. These contentions are meritless. Rule 56 requires due notice of the invocation of its procedures and outlines the type of response required to avoid its strictures. Oglesby does not dispute that he got this notice. Indeed, his counsel prepared a response supported by a brief and Oglesby's unsworn statement. Due process does not require more. No constitutional right to a trial exists when after notice and a reasonable opportunity a party fails to make the rule-required demonstration that some dispute of material fact exists which a trial could resolve.

AFFIRMED.