United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 9, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 03-60530
Summary Calendar
_____

ZENNIE KING,

                                        Plaintiff - Appellant,

versus

ENTERGY OPERATIONS, INC.; EDWIN ROGERS,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:01-CV-42-BN

_____

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Zennie King, pro se, appeals the summary judgment dismissing her discrimination claims against Entergy Operations, Inc. and Edwin Rogers.  She argues that she established a prima facie case of discrimination and that she was denied due process of law when the district court granted summary judgment and denied her a jury trial.  King's argument is without merit.  It is well-settled that "[n]o constitutional right to a trial exists when after notice and a reasonable opportunity a party fails to make the rule-required demonstration that some dispute of material fact exists which a

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trial could resolve." Oglesby v. Terminal Transport Co., 543 F.2d 1111, 1113 (5th Cir. 1976) (rejecting contention that entry of summary judgment violated Seventh Amendment right to jury trial and Fifth Amendment right not to be deprived of property without due process of law). As the district court explained in its thorough, well-reasoned opinion, King failed to demonstrate the existence of a genuine issue of material fact. We therefore AFFIRM the summary judgment, essentially for the reasons stated by the district court.

King's motion for a default judgment in the amount of $20 million, because she has not received a copy of an order signed by a judge granting an extension of time for the appellees to file their brief is patently frivolous and is DENIED. The appellees' motion for an award of attorney's fees for having to respond to King's frivolous motion is DENIED, but King is warned that future frivolous filings will result in the imposition of sanctions against her.

AFFIRMED; MOTIONS DENIED; SANCTIONS WARNING ISSUED.