# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 29, 2013

No. 12-60166
Summary Calendar

Lyle W. Cayce
Clerk

PEARL L. JOHNSON,

Plaintiff-Appellant

v.

DOCTOR LONNIE EDWARDS, In his official capacity as superintendent of Jackson Public Schools District; JASON SARGENT, In his official capacity and individually capacity,

Defendants-Appellees

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:10-CV-73

---

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Pearl L. Johnson appeals from the district court's grant of summary judgment in favor of the defendants in her suit alleging claims for employment discrimination and hostile work environment. Having reviewed the briefs, the record, and the applicable law, we conclude that Johnson has failed to show error. We therefore affirm the district court's judgment for the reasons given in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60166

the district court's careful opinion, but we briefly address a few points raised on appeal.

To the extent that Johnson argues she was not required to exhaust administrative remedies for her discrimination claims, she is incorrect. *See*, *e.g.*, *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002). Johnson also challenges the district court's alleged failure to recuse. We note that although Johnson filed a motion to recuse the magistrate judge, she did not seek recusal of the district judge, and we see no basis in the record to question either judge's impartiality. *See* 28 U.S.C. § 455. We also find no merit in Johnson's argument that the district court violated her Fifth, Sixth, and Seventh Amendment rights by deciding her case on summary judgment. *See*, *e.g.*, *Oglesby v. Terminal Transp. Co.*, 543 F.2d 1111, 1112–13 (5th Cir. 1976) (holding that the Seventh Amendment right to a jury trial is not violated when a party fails to show a genuine issue of material fact as required by FED. R. CIV. P. 56). Finally, given the district court's broad discretion in enforcing filing deadlines, *see Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1995), the court did not err by striking some of Johnson's pleadings as untimely or by declining to address issues raised in untimely pleadings.

AFFIRMED.