# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 30, 2013

Lyle W. Cayce
Clerk

No. 12-60931
Summary Calendar

GEORGE W. HIGHTOWER; HIGHTOWER FOODS, L.L.C.,

Plaintiffs–Appellants,

v.

ARAMARK EDUCATIONAL SERVICES, L.L.C.,

Defendant–Appellee.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:10-CV-166

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiffs–Appellants George Hightower and Hightower Foods, LLC (collectively, Hightower) appeal the district court's grant of summary judgment in favor of Defendant–Appellee Aramark Educational Services, LLC (Aramark) on Hightower's claim that Aramark tortiously interfered with Hightower's lease with Mississippi State University (MSU). We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60931

Hightower formerly operated a Subway restaurant in MSU's student union. While Hightower's lease remained in effect, MSU issued a public "Invitation to Negotiate" (ITN), requesting proposals for the operation of MSU's dining and catering operation and stating MSU's intent "to grant the successful contractor exclusive rights to the operation of campus dining services." Several companies responded to the ITN. Aramark's proposal was selected, and Aramark and MSU executed an agreement in which MSU promised to engage Aramark "on an exclusive basis" to provide MSU with meals in its campus facilities. Hightower subsequently sued Aramark, alleging that it had tortiously interfered with Hightower's contract with MSU. The district court granted summary judgment in favor of Aramark, concluding that Hightower failed to establish that Aramark had committed a wrongful act or that Hightower's contract would have been performed but-for Aramark's alleged interference.

This court reviews a grant of summary judgment de novo, applying the same standard as the district court.[1] Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2]

Hightower's primary argument is that the district court incorrectly applied Mississippi law. It claims that "one party's intentionally entering a contract that precludes another party's performing an existing contract" standing alone constitutes the tort of intentional interference with a contract under Mississippi law. This argument fails for two reasons. First, as the district court noted, Hightower belatedly raised this argument in its motion for reconsideration. This

---

[1] *E.g.*, *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912 (5th Cir. 1992).

[2] FED. R. CIV. P. 56(a).

No. 12-60931

court generally considers issues raised for the first time in a motion for reconsideration waived.[3]

Second, even if we were to reach this argument, Hightower misstates Mississippi law. Hightower places great weight on the Mississippi Supreme Court's decision in *Alfonso v. Gulf Publishing Company*.[4] *Alfonso*, however, reaffirmed that the elements of an intentional-interference-with-contract claim are

> (1) that the acts were intentional and willful; (2) that they were calculated to cause damage to the plaintiff in his/her lawful business; (3) that they were done *with the unlawful purpose of causing damage and loss*, *without right or justifiable cause* on the part of the defendant (which acts constitute malice); and (4) that actual damage or loss resulted, and (5) the defendant's acts were the proximate cause of the loss or damage suffered by the plaintiff.[5]

The court emphasized that the plaintiff must show that the defendant "did a wrongful act without legal or social justification" as opposed to an act "in the exercise of a legitimate interest or right, which constitutes privileged interference."[6] And in the case before it, the court identified evidence indicating that the defendant acted with such a wrongful purpose—a letter from the defendant to the other party stating that "we are certain your current publisher was not in a profitable situation with this product" and offering to publish the other party's newspaper free of charge.[7] Given this evidence, the court reversed

---

[3] *E.g.*, *Lincoln Gen. Ins. Co. v. De La Luz Garcia*, 501 F.3d 436, 442 (5th Cir. 2007).

[4] 87 So. 3d 1055 (Miss. 2012).

[5] *Alfonso*, 87 So. 3d at 1060 (emphasis added) (quoting *Scruggs, Millette, Bozeman & Dent, P.A. v. Merkl & Cockle, P.A.*, 910 So. 2d 1093, 1098-99 (Miss. 2005)) (internal quotation marks omitted).

[6] *Id.* (quoting *Scruggs*, 910 So. 2d at 1099) (internal quotation marks omitted).

[7] *Id.* at 1062.

3

No. 12-60931

the trial court's grant of summary judgment in favor of the defendant.[8] *Alfonso* therefore does not stand for the proposition that nothing more than the defendant's entry into a contract with knowledge that the other party is bound by an existing contract constitutes intentional interference with a contract.

We also agree with the district court that, applying the correct law, Aramark was entitled to summary judgment. As the district court observed, the allegedly wrongful acts identified by Hightower were perpetrated by MSU, not Aramark. The summary judgment evidence was that Aramark learned of Hightower's lease only after its proposal in response to MSU's ITN had been selected by MSU and more than a year after MSU notified Hightower that it wished to terminate Hightower's lease. Hightower identifies no evidence to suggest that Aramark took any action, much less an improper one, to induce MSU to breach its lease with Hightower. The fact that Aramark later learned that Hightower had a lease prior to the execution of its contract with MSU does not, standing alone, prove that Aramark tortiously interfered with Hightower's lease with MSU.[9]

Finally, to the extent Hightower contends that the summary-judgment device violates the Seventh Amendment, this argument is meritless.[10]

\*     \*     \*

AFFIRMED.

---

[8] *Id.*

[9] *See Scruggs*, 910 So. 2d at 1100 ("[E]ven if Merkel had knowledge of an agreement between Scruggs and Wilson and Merkel's act of paying Wilson constituted interference, Merkel was still required to split the fees from the Scott case under the Merkel-Wilson agreement and had a legitimate right to do so.").

[10] *E.g.*, *Oglesby v. Terminal Transp. Co.*, 543 F.2d 1111, 1112-13 (5th Cir. 1976) (per curiam).