[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11575
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-04322-SDG

JOHN WILLIAMS MILLER,

Plaintiff-Appellant,

versus

CHRISTOPHER BYERS,
MICHAEL HOBBS,
CAROLINE YI,
JOHN CLIFTON,
BRIAN WEAVER, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 16, 2020)

Before MARTIN, ROSENBAUM, and BRANCH, Circuit Judges.

PER CURIAM:

John Williams Miller ("J.W. Miller") and his son, John Frazier Miller ("J.F.
Miller"), filed a *pro se* 42 U.S.C. § 1983 lawsuit alleging that their constitutional
rights under the First and Fourth Amendments were violated by the City of Johns
Creek and three of its police officers (Brian Weaver, John Clifton, and Christopher
Byers), and by Forsyth County and a Forsyth County police officer (Michael Hobbs),
prosecutor (Caroline Yi), and judge (Judge Robert McBurney).  The district court
granted the defendants' motions to dismiss for failure to state a claim and for
judgment on the pleadings, and J.W. Miller appeals.[1]  After careful review, we
affirm.

## I.

The Millers' operative amended complaint alleges, among other things, that
Hobbs assaulted and attempted to murder J.F. Miller because of his Cherokee
heritage, that Johns Creek and its officers refused to accept a police report about this
incident and made "terroristic threats" against J.W. Miller for trying to file the report,
that J.F. Miller was illegally arrested and prosecuted in Forsyth County despite

---

[1] Because J.F. Miller was not named in and did not sign the notice of appeal, and he cannot be represented by J.W. Miller, who is not an attorney, he is not a proper party to this appeal, notwithstanding J.W. Miller's claim of power of attorney.  *See* Fed. R. App. P. 3(c)(1)(A) (providing that each party taking the appeal must be named in the notice of appeal); *Devine v. Indian River Cty. Sch. Bd.*, 121 F.3d 576, 581–82 (11th Cir. 1997) (parents appearing *pro se* who are not attorneys may not represent their children); *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) (holding that a "power of attorney" does not permit a non-attorney to represent another party in federal court).  J.W. Miller's motion to join J.F. Miller as an appellant is therefore **DENIED**. Regardless, J.F. Miller's status as a party has no effect on our decision in this case.

committing no crime, and that Forsyth County Judge McBurney conspired with corrupt police officers to deny J.W. Miller's attempt to have a warrant issued for Hobbs's arrest for felony assault and attempted murder. These actions, according to the Millers, caused J.F. Miller to drop out of college and resulted in the death of J.W. Miller's mother. Bringing claims under § 1983 for violations of their First and Fourth Amendment rights, the Millers sought $285 million in damages and demanded a jury trial.

The defendants filed motions to dismiss the complaint for failure to state a claim and for judgment on the pleadings, and the district court stayed discovery pending a ruling on these motions. Meanwhile, the Millers repeatedly filed motions demanding, among other things, a jury trial.

The district court granted the defendants' motions and denied the Millers' motions. In an exhaustive 86-page order, the court determined that the Millers' allegations, accepted as true, did not state plausible claims to relief under 42 U.S.C. § 1983, that Forsyth County was not properly served, and that the individual defendants apart from Hobbs were entitled to qualified, prosecutorial, or judicial immunity.[2] The court permitted them to file a second amended complaint repleading their claims against Johns Creek and Hobbs within 21 days. Instead of doing so,

---

[2] The district court explained that the Millers failed to allege sufficient facts to state a plausible claim against Hobbs, but that Hobbs would not entitled to qualified immunity if, as the Millers asserted, he attempted to kill J.F. Miller because of his Cherokee heritage.

3

J.W. Miller requested reassignment of the case to a different judge, which was denied, and filed a notice of appeal. When the period for amendment passed, the district court entered a final judgment dismissing the case with prejudice.

## II.

We review *de novo* an order granting a motion to dismiss for failure to state a claim, *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1210 (11th Cir. 2020), or a motion for judgment on the pleadings, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). In reviewing the granting of either motion, we ask whether the complaint's allegations, accepted as true and construed in the light most favorable to the plaintiff, state a plausible claim to relief. *Cisneros*, 972 F.3d at 1210 (concerning dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)); *see Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018) ("A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6).").

Because J.W. Miller is proceeding *pro se*, we liberally construe his pleadings in the district court and his briefing on appeal. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Despite this liberal construction, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Id.* We also "do not address arguments raised for the first time in a *pro se* litigant's reply brief." *Id.*

4

Here, J.W. Miller fails to challenge the grounds for the district court's decision to grant the defendants' motions to dismiss and for judgment on the pleadings. Construing his opening brief liberally, he makes two, and only two, arguments. First, he contends that the district court violated his Seventh Amendment right to a jury trial by dismissing the case. Second, he suggests that the district judge should have recused from the case, asserting that the judge, in collaboration with the defendants, issued a "biased," "hateful," and "illegal" ruling against the Millers. But he does not raise any issue with, and therefore has abandoned any challenge to, the specific reasons given for dismissing the amended complaint. *See id.* And while his reply brief contains additional arguments not raised in his opening brief, "we do not address arguments raised for the first time in a *pro se* litigant's reply brief." *Id.*

Nor are we persuaded by J.W. Miller's jury-trial and recusal arguments. It is, of course, true that the Seventh Amendment preserves the right to a jury trial in civil cases. U.S. Const. amend. VII. But the Federal Rules of Civil Procedure authorize a district court before trial to grant a motion to dismiss for failure to state a claim or a motion for judgment on the pleadings. *See* Fed. R. Civ. P. 12(b)(6), (c). In granting a motion under Rule 12(b)(6) or Rule 12(c), the court makes a legal determination that the plaintiff cannot plausibly prevail under the facts alleged, even if those facts are accepted as true and construed in the plaintiff's favor. *See Cisneros*, 972 F.3d at 1210; *Carbone*, 910 F.3d at 1350. And we have held that a district court's resolution

5

of a case based on a matter of law, before trial, does not violate the Seventh Amendment. *See Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 919–20 (11th Cir. 2018) (holding that summary judgment before trial does not violate the Seventh Amendment); *Garvie v. City of Ft. Walton Beach, Fla.*, 366 F.3d 1186, 1190 (11th Cir. 2004) (same); *see also Oglesby v. Terminal Transp. Co., Inc.*, 543 F.2d 1111, 1113 (5th Cir. 1976) ("No constitutional right to trial exists when . . . [no] dispute of material fact exists which a trial could resolve.").[3]  It follows that, even though the district court's ruling prevented the Millers' case from going to a jury, the court did not violate the Millers' right to a jury trial by resolving this case based on an assessment of the legal sufficiency of the allegations in the amended complaint.

Nor is there any basis for recusal of the district judge.  J.W. Miller does not explain what was "hateful" or "biased" about the judge's ruling other than the fact that the judge ruled against him and his son.  But an adverse decision, in and of itself, is not grounds for recusal.  *See Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (generally, "a judge's rulings in the same or a related case are not a sufficient basis for recusal").  Moreover, as we have explained, the judge's decision was permitted under the rules and was an ordinary part of litigation, not "illegal" or otherwise suspect.  Finally, J.W. Miller's vague claim that the judge failed to address his

---

[3] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981).

arguments or ignored his filings is difficult to square with the judge's exhaustive 86-page order. As we see it, the judge took great pains to respond to the Millers' manifold allegations and voluminous filings, and there is absolutely no indication that the judge gave them short shrift.

For these reasons, we affirm the district court's judgment dismissing the Millers' amended complaint.[4]

**AFFIRMED.**

---

[4] J.W. Miller has submitted several filings to this Court which have been docketed as motions for clarification, to compel, and for summary reversal or summary judgment. These motions largely restate arguments made in his briefing and are **DENIED** to that extent for the reasons already stated. To the extent J.W. Miller requests relief in the form of discovery, a jury trial, or summary judgment or reversal, the motions are **DENIED** as moot.